ceedings by execution and attachment.... (emphasis added)[2]

The Debtor would have me ignore the statutory and historical basis of the homestead and treat it as an individual exemption arising out of the Bankruptcy Code like Athena from the head of Zeus. He postulates that since 11 U.S.C. § 522(m) requires the § 522 exemptions to be applied "separately with respect to each debtor," perforce he is entitled to claim the value of the homestead as an exemption upon his interest in the jointly held property. That approach simply ignores the basic nature of the homestead and its attachment to the realty instead of to the property owner. Hence the authorities relied upon by Debtor in support of his argument are not apposite to the extent they deal with exemption rights which are not affixed to the property.[3]

A case in point is *In re Ferguson,* 15 B.R. 439 (Bky.Colo, 1981). That case deals with a *personal* exemption circumscribed by and limited to the value of certain personalty. See 1973 C.R.S. § 13–54–102(1)(e) Clearly this exemption is not comparable to a homestead because it is not intended to protect a right of habitation. Hence, the exemption is personal to each debtor owning property of the nature subject to the exemption. More importantly, then, each bankruptcy debtor may claim the exemption under § 522(m).

I am convinced whether Colorado realty is jointly or singly owned, there is only one homestead, and it attaches to the realty in such a way its protection cannot be claimed by one joint owner to the exclusion of the remainder. Such a conclusion would be clearly contrary to Colorado law. Accordingly, Judge Clark correctly deducted the value of the homestead from the value of the entire property, rather than solely from the value of the Debtor's interest in reaching the value of the property of the Debtor's estate. Accordingly, it is

ORDERED the judgment of the Bankruptcy Court is affirmed. DATED at Denver, Colorado, this 11th day of May, 1983.

BY THE COURT:

/s/  John P. Moore,
John P. Moore, Judge
United States District Court

**Donald GEE, Plaintiff-Appellant,**

**v.**

**Bill ESTES, Sheriff of Natrona County, M.J. McCarthy, Lt. Deputy, Natrona County, D. Brewster, Sgt. Deputy, Natrona County, Paul Brown, Deputy, Mike Jones, Deputy, Tim Uler, Deputy, Rodger (last name unknown), and other deputies whose names are unknown of Natrona County, C. Lauderdale, J. Cooper of Casper Police Dept. Investigators, Defendants-Appellees.**

**Nos. 86–1176, 86–1397.**

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1987.

---

Donald Gee, pro se.

Cameron S. Walker of Schwartz, Bon, McCrary & Walker, Casper, Wyo., for defendants-appellees.

Before LOGAN and MOORE, Circuit Judges, and ROGERS, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 34.1.8(c) and 27.-1.2. The cause is therefore ordered submitted without oral argument.

Plaintiff, Donald Gee, is a federal prisoner, acting pro se and proceeding in forma pauperis, who commenced an action under 42 U.S.C. § 1983 against a county sheriff and several other police officers working at the Natrona County, Wyoming jail during his incarceration there. Among other allegations, plaintiff asserted that he was beaten by all except one of the defendants; defendants opened and read or destroyed his legal mail; he suffered hypothermia seizures from being put naked in a cell with no blankets in below forty-degree temperatures, where he was viewed by several women; he was denied needed medical services; he was denied food, served dirty food, or his food was thrown on the floor where he was told to eat it like a dog; he was placed in a cell infested with lice; he was not allowed to shower for two weeks at a time; while in a seizure he was left naked in a padded cell with his head in human excrement; and he was dragged into court with no clothing on except an oversized pair of trousers which dropped to his knees to expose him to the spectators.

These allegations, or some of them, state a claim for § 1983 relief, if they are supported by evidence. The district court denied plaintiff's motion for appointment of counsel but allowed limited discovery. Apparently cognizant of the special problems of a pro se plaintiff incarcerated in a federal maximum security prison in another state, the district court referred the matter to a magistrate for an evidentiary hearing "[i]n order for the Court to better determine whether the Plaintiff is able to establish a sound basis of facts for his allegations...." I R. 18. The court order directed the hearing to be conducted by telephone conference call, allowing plaintiff and defendants to testify under oath and to call witnesses on their behalf. The order directed the magistrate to tender findings and recommendations to the district court. The court later characterized the hearing as one "on probable cause." I R. 24.

Although the district court did not so specify, we construe the reference to a magistrate to have been for a determina-

* The Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

tion whether plaintiff's in forma pauperis complaint should be dismissed as frivolous under 28 U.S.C. § 1915(d). Magistrates may properly be allowed to hear motions to dismiss in forma pauperis actions pursuant to § 1915(d), *Spears v. McCotter*, 766 F.2d 179, 180–81 (5th Cir.1985), but 28 U.S.C. § 636(b) narrowly prescribes the magistrate's power. Although § 636(b)(1)(A) does not allow the magistrate to make a final ruling on motions to dismiss, § 636(b)(1)(B) permits a magistrate to hear such motions referred by the district court and to submit proposed findings and recommendations to the district court. *See Neal v. Miller*, 542 F.Supp. 79, 81 (S.D.Ill.1982) (§ 636(b)(1)(B) authorizes and governs referral of § 1915(d) motions to magistrate).

The hearing before the magistrate by telephone conference call was held on September 4, 1985. During the hearing the plaintiff remained in confinement in federal prison in Marion, Illinois. The magistrate filed proposed findings of fact and recommendations with the district court on December 26, 1985. He recommended that plaintiff's complaint be dismissed with prejudice. On December 30, 1985, the district court summarily adopted these proposed findings and recommendations and dismissed the complaint.

On appeal plaintiff asserts that the court erred in several respects: in ordering a telephone hearing, especially one in which plaintiff had trouble understanding testimony due to static and background noise; in not appointing counsel for plaintiff; in denying plaintiff the opportunity to communicate with his witnesses prior to the hearing; and in limiting the number of witnesses plaintiff could subpoena and the number of defendants he could cross-examine. Plaintiff filed timely objections in district court to the magistrate's recommendations. He did not object on appeal, however, as he might under 28 U.S.C. § 636(b)(1), to the judge's adoption of the magistrate's recommendations before plaintiff had received a copy of the magistrate's order; nor did he challenge the district court's denial of his objections without listening to a tape of the hearing or reviewing a transcript of it.

We are reluctant to penalize a pro se litigant for his lack of knowledge of legal procedure. Further, to dispose of plaintiff's contentions properly we must consider the context in which the district judge and magistrate acted and the differences between a hearing to determine frivolousness of a plaintiff's allegations and a trial on the merits. We therefore consider plaintiff's contentions on appeal to be broad enough to encompass the § 636(b)(1) procedural defects that we find require reversal and remand.

Prisoner pro se civil rights complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to the court's disciplinary sanctions. Prisoners with time on their hands may seek a short sabbatical in the form of a trip to court, and they may even use complaints to harass guards and other prison officials. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.1978), and *Martinez v. Chavez*, 574 F.2d 1043 (10th Cir.1978), we approved what has come to be called a *Martinez* report. Under the *Martinez* procedure, the district judge or a United States magistrate to whom the matter had been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial. Other circuits have utilized analogous procedures. *See, e.g., Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir. 1986); *Hendricks v. Havener*, 587 F.2d 21 (8th Cir.1978) (per curiam). There are limits, however, to what the court may do on the basis of a *Martinez* report; we have held, for example, that magistrates and judges may not make credibility determinations solely from conflicting affidavits. *E.g., Collins v. Cundy*, 603 F.2d 824, 825 (10th Cir.1979).

■ In the instant case, it seems clear that the district court ordered use of the telephone evidentiary hearing as a part of or in lieu of a *Martinez* report, to help the court determine whether the complaint was frivolous or malicious. We approve of that procedure as a reasonable and laudable extension of the *Martinez* report technique.

Because only frivolousness or maliciousness is at issue, we have no problems with the district court's refusal to appoint counsel at this stage, nor with the magistrate's limitation to four on the number of witnesses plaintiff could subpoena, or his refusal to require all defendants to be available for cross-examination. The static on the telephone lines and limitations on plaintiff's ability to ask questions because he was in a prison setting and shackled do not bother us if the transcript or tape of the hearing demonstrates that he could follow what the other witnesses were saying and could intelligently respond. Nor do we think it important at this stage that the rules of the prison in which plaintiff was incarcerated severely limited his opportunities to communicate with his prospective witnesses. A relaxed standard similar to that in a criminal preliminary hearing seems appropriate because the issue at this stage is simply whether the case should proceed to trial. A dismissal with prejudice as frivolous will preclude a trial, but a hearing to determine frivolity is not a trial or to be measured by the same standard.

■ Although we have reviewed the transcript of the telephonic hearing, which we ordered made, and the other documents in the record, we make no ruling on whether this case indeed is frivolous or malicious. That decision is for the district court in the first instance, in accord with the procedures set out in 28 U.S.C. § 636(b)(1). That section permits a person in plaintiff's position ten days "after being served with a copy" of the magistrate's findings and recommendations to file written objections with the district court. Here, plaintiff did not receive a copy of the magistrate's report until December 31, 1985, one day after the district court dismissed his complaint. The district court's failure to provide the plaintiff ten days within which to object was error.

Despite the dismissal of his action plaintiff filed timely objections to the magistrate's report. These objections, in part, challenged factual findings made by the magistrate, contending that much of the testimony supported plaintiff's contentions rather than the magistrate's recommended findings. Section 636(b)(1) requires the district court to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

On February 18, 1986, the district court issued an order refusing to vacate the dismissal of the complaint. The court's order stated:

"This matter came before the Court pursuant to the plaintiff's objections to the findings of the Magistrate in this matter. The Court, having reviewed the objections of the plaintiff, and being fully advised in the premises, FINDS that the Magistrate did not err in denying the plaintiff's motion for appointment of counsel or in having the plaintiff participate in this matter by telephone and that this Court's Order Adopting Magistrate's Findings should not be vacated. Therefore, it is

ORDERED that this Court's Order Adopting Magistrate's Findings shall remain in effect.

ORDERED that the plaintiff's request that a transcript be prepared at the Court's expense be, and the same hereby is, denied."

It is clear that the district court never considered the actual testimony referred to by plaintiff in his objections. No transcript of the evidentiary hearing was prepared until this court ordered it. The hearing apparently was not recorded on tape.

■ When objections are made to the magistrate's factual findings based on conflicting testimony or evidence, both § 636(b)(1) and Article III of the United States Constitution require de novo review. *United States v. Shami,* 754 F.2d 670, 672 (6th Cir.1985). "The constitutional safeguards, as established by Congress and interpreted by the courts, are such that an appellate court must be satisfied that a district judge has exercised his nondelega-

ble authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *United States v. Elsoffer,* 644 F.2d 357, 359 (5th Cir.1981) (per curiam). *See United States v. Raddatz,* 447 U.S. 667, 673–77, 681–84, 100 S.Ct. 2406, 2411–13, 2415–16, 65 L.Ed.2d 424 (1980) (requirement that district court make the ultimate decisions was central in Congress' effort to draft § 636(b) without Article III infirmity).

In conducting this review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing. *Wimmer v. Cook,* 774 F.2d 68, 76 (4th Cir.1985); *Spaulding v. University of Washington,* 676 F.2d 1232, 1235 (9th Cir.1982), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984); *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir.1981); *Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352, 356 (5th Cir.1980). *See also National Railroad Passenger Corp. v. Koch Industries, Inc.,* 701 F.2d 108, 111–12 (10th Cir.1983) (district judge must review transcript before rejecting master's recommendation of a new trial); *Pearson v. Fair,* 808 F.2d 163, 166 n. 3 (1st Cir.1986) (per curiam); *Hill v. Jenkins,* 603 F.2d 1256, 1258–59 (7th Cir. 1979). *But cf. Cay v. Estelle,* 789 F.2d at 327 (review of transcript may be unnecessary if magistrate adequately summarizes the conflicts in evidence and testimony). A court abuses its discretion by dismissing a claim under § 1915(d) upon a magistrate's recommendations and findings without providing a de novo determination as to objections to the magistrate's report.

■ Further, when a party objects to factual findings based upon conflicting evidence or testimony, the district court must clearly indicate that it is conducting a de novo determination rather than review under the "clearly erroneous" standard. *Aluminum Co. of America v. United States Environmental Protection Agency,* 663 F.2d 499, 502 (4th Cir.1981). Because the objections to the magistrate's factual conclusions did not receive the judicial consideration that Article III and 28 U.S.C.

§ 636(b)(1) mandate, the orders of dismissal must be be VACATED and the cause REMANDED for further proceedings consistent with this opinion.

Plaintiff has filed a motion for appointment of appellate counsel. The motion is DENIED as moot in light of the disposition of this appeal.