**John Patrick BRUNER, Plaintiff,**

v.

**Paul RASMUSSEN, et al., Defendants.**

**No. 92–C–090 B.**

United States District Court,
D. Utah, C.D.

June 11, 1992.

John Patrick Bruner, pro se.

ORDER

BENSON, District Judge.

The plaintiff in this case filed a Complaint on January 27, 1992, alleging ·that the defendants failed to follow prison disciplinary procedures, thereby denying his rights to due process in violation of 42 U.S.C. section 1983. This court referred the case to the Magistrate Judge pursuant to 28 U.S.C. section 636(b)(1)(B). On February 12, 1992, the Magistrate Judge issued a Report and Recommendation, concluding that plaintiff's case is without merit and recommending that it be dismissed pursuant to 28 U.S.C. section 1915(d). Plaintiff filed an Objection to the Report and Recommendation on February 25, 1992.

This court has conducted a *de novo* review of the entire file in this case, including plaintiff's Complaint and the Report and Recommendation of the Magistrate Judge. *Gee v. Estes*, 829 F.2d 1005, 1008–09 (10th Cir.1987). Because plaintiff is pursuing this claim pro se, the court will construe his Complaint liberally. *Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir.1991). Based on such review, the court agrees with the Magistrate Judge that plaintiff's Complaint is without merit.

To state a valid claim under 42 U.S.C. section 1983, plaintiff must allege that the defendants acted under color of state law to deprive him of a right secured by the United States Constitution. *Ruark*, 928 F.2d at 949 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)). Plaintiff John Patrick Bruner, an inmate at the Utah State Prison, has alleged that various officers of the Utah Department of Corrections, in their official and individual capacities, failed to follow certain prison disciplinary procedures, thereby violating his right to due process under the Fourteenth Amend-

ment of the United States Constitution. Specifically, plaintiff first alleges that defendants violated his right to due process by not informing him of the seriousness of the offenses charged against him prior to a hearing on the matter as required by prison regulations. Second, plaintiff claims his right to due process was violated when defendants failed to inform him of the exact date of the disciplinary hearing, also required by prison regulations.

■ In reviewing the Complaint, the court finds that plaintiff's allegations against the defendants in their official capacities must be dismissed. Such allegations constitute an action against the State of Utah and are barred by the Eleventh Amendment absent waiver by the state or a valid congressional override. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 169, 105 S.Ct. 3099, 3105, 3107, 87 L.Ed.2d 114 (1985). Utah law specifically provides that immunity is *not* waived in cases involving civil rights violations. Utah Code Ann. § 63–30–10(2) (Cum.Supp.1991). Further, the United States Supreme Court has held that 42 U.S.C. section 1983 does not provide a congressional override to the Eleventh Amendment and therefore, a state or an official of the state acting in his official capacity is not subject to suit under Section 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (citing *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)); *see also Ruark v. Solano,* 928 F.2d 947, 950 (10th Cir.1991). Consequently, plaintiff's allegations against the defendants in their official capacities must be dismissed.

Plaintiff is also making claims against the defendants in their individual capacities. To state a claim for denial of due process under 42 U.S.C. section 1983, plaintiff must allege a deprivation of a property or liberty interest. *Phelps v. Wichita Eagle–Beacon,* 886 F.2d 1262, 1268 (10th Cir. 1989). If such an interest is found, the court must then ask whether the state, in depriving plaintiff of the protected interest, afforded him due process. *Morrissey v.*

*Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

■ In *Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), the United States Supreme Court recognized that inmates have a basic liberty interest in prison disciplinary procedures protected by the Fourteenth Amendment. In addition to this liberty interest, which is based in the Due Process Clause itself, additional liberty interests may be created by state law. *Id.* But whether the liberty interest arises from the Due Process Clause itself or from state law, the Fourteenth Amendment requires that a prisoner facing disciplinary charges for misconduct be entitled to:

■ twenty-four hours' advance written notice of the charges against him; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal.

*Hewitt v. Helms,* 459 U.S. 460, 466 n. 3, 103 S.Ct. 864, 868 n. 3, 74 L.Ed.2d 675 (1983) (citing *Wolff,* 418 U.S. at 563–72, 94 S.Ct. at 2978–82). The purpose of these minimum procedures is to insure that the substantive liberty interest to which the individual has a legitimate claim of entitlement is not arbitrarily abrogated. *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983); *see Wolff,* 418 U.S. at 557, 94 S.Ct. at 2975.

■ Plaintiff makes no claim that defendants violated any of the above-stated procedural requirements. Rather, plaintiff claims a denial of due process resulting from the prison's failure to follow its own policies and procedures, in particular those procedures requiring classification of the incident at issue and incorporation of the hearing date on the notification. Plaintiff argues that the mandatory language in the regulations created a liberty interest in the prison procedures. However, the United States Supreme Court has recognized that

"a liberty interest is of course a substantive interest of an individual; it cannot be the right to demand needless formality. Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250, 103 S.Ct. at 1748. In order to deprive the plaintiff of due process, the prison regulations in question must have directly conferred a substantive right on the plaintiff. *United States v. Jiles*, 658 F.2d 194, 200 (3d Cir.1981). However, the mere expectation of receiving certain state-afforded process does not create an independent substantive interest protected by the Due Process Clause. *Id.* at 250 n. 12; *Velasco–Gutierrez v. Crossland*, 732 F.2d 792, 798 (10th Cir.1984).

■ If the court were to accept plaintiff's argument that prison procedural rules created a separate and protected liberty interest, it would be necessary to equate due process with plaintiff's original procedural expectations. "If that approach were adopted, there would be a constitutional procedural due process right to have states adhere to any procedural rules promulgated by them." *Bills v. Henderson*, 631 F.2d 1287, 1298–99 (6th Cir.1980). Such an interpretation would subject states that have adopted laudable procedural provisions to scrutiny by the federal courts, while those states that have chosen not to adopt any such procedures would "entirely avoid the strictures of due process." *Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). This court declines to expand procedural due process in such a manner, and therefore, need not inquire as to whether defendants actually followed prison guidelines. Rather the court must only determine "whether the process afforded plaintiff 'satisfied the minimum requirements of the Due Process Clause'" as required by *Wolff*. *See Brown v. Frey*, 889 F.2d 159, 166 (8th Cir.1989) (quoting *Hewitt*, 459 U.S. at 472, 103 S.Ct. at 871).

■ First, plaintiff's assertion that defendants violated his right to due process by neglecting to classify the incident in question as a major or minor disciplinary violation lacks merit. Under the standards required in *Wolff*, prison officials need only provide an inmate with notice of the charges against him, not a particular classification of the charges. *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2978–79. In the instant case, plaintiff acknowledges that defendants informed him that they were initiating charges against him for refusing a direct order, disorderly conduct, and interfering with the duties of another. Further, plaintiff makes no allegation that he was prejudiced by the failure to classify the disciplinary charges.

■ Second, defendants' failure to include the hearing date on the notification did not violate plaintiff's right to due process. *Wolff* requires that an inmate must receive twenty-four hour written notice of the charges against him before a disciplinary hearing. *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2978–79. Here, plaintiff acknowledges that he received notification of the disciplinary hearing on October 3, 1991, and that the hearing was not conducted until November 7, 1991, more than one month later. These circumstances satisfy the due process requirement of twenty-four hour notice, particularly in light of the fact that plaintiff has made no claim that he was prejudiced by the oversight. Consequently, plaintiff's claims that defendants violated his right to due process must be dismissed. As a result, the court need not address the issue of qualified immunity as mentioned in the magistrate's report.

Within the parameters of 28 U.S.C. section 1915(d) as outlined in *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989), this court finds that plaintiff has failed to state an arguable claim for relief under 42 U.S.C. section 1983. Therefore, the court hereby adopts the Report and Recommendation of the Magistrate Judge, and

IT IS HEREBY ORDERED that plaintiff's Complaint is DISMISSED.