**Michael S. HARRIS, Plaintiff,**

v.

**Sheriff Terry CAMPBELL, et al., Defendants.**

**No. 92–3251–S.**

United States District Court, D. Kansas.

Sept. 10, 1992.

---

Michael S. Harris, pro se.

David C. Van Parys, Leavenworth, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains that he was denied adequate and proper medical care while incarcerated in the Leavenworth County Jail in Leavenworth, Kansas. Plaintiff seeks damages for defendants' alleged negligence, medical malpractice, infliction of mental and physical cruelty, and imposition of improper living conditions. Plaintiff names as defendants Dr. William McCollum, physician for inmates housed in the Leavenworth County Jail, and Terry Campbell, Sheriff of Leavenworth County. As requested by the court, defendants filed a *Martinez* report with their answer. Plaintiff thereafter filed a Motion for Leave to File Supplemental Complaint (Doc. 10).[1]

Having reviewed the record, the court finds dismissal of the complaint is appropriate at this time. Sua sponte dismissal under 28 U.S.C.A. § 1915(d) is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). The term "frivolous" is defined as an "inarguable legal conclusion" or "fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104

---

1. Plaintiff claims the supplemental complaint adds additional defendants and presents evidence of additional wrongdoing which is related to the original complaint. Having reviewed plaintiff's supplemental complaint, the court finds no additional defendants are named. Plaintiff does include information occurring in July 1992 regarding his treatment by another doctor. Because the information in the supplemental complaint does not name new defendants, and because defendants' answer and *Martinez* report already address the supplemental information provided by plaintiff, the court grants plaintiff's motion for leave to file a supplement to the complaint.

L.Ed.2d 338 (1989). The purpose of § 1915(d) is the prevention of abusive or capricious litigation. *Id.* at 324, 109 S.Ct. at 1831. In reviewing the sufficiency of a complaint, a district court "presumes all of plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon,* 935 F.2d at 1109. A *Martinez* report can be used to evaluate a claim for purposes of dismissal under 1915(d). *Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991). The purpose of a *Martinez* report is to determine whether there is a legal basis for plaintiff's claim. *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir.1987).

 Deliberate indifference to serious medical needs of a prisoner constitutes unnecessary and wanton infliction of pain under the eighth amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In the present case, plaintiff complains that defendants inflicted mental and physical cruelty and subjected him to improper living conditions.[2] The court finds that plaintiff essentially alleges he was subjected to cruel and unusual punishment based on plaintiff's claim that he was denied appropriate medical care for over six months. The court finds nothing in the record to support this claim.

It is undisputed that plaintiff continually sought and received medical attention while incarcerated at the Leavenworth County Jail. Defendants provide documentation of 43 medical request forms submitted by plaintiff, with comments and/or treatment noted by medical personnel. These forms cover a period from October 1991 to July 1992. Plaintiff submitted a variety of complaints, but his most pressing complaints centered on symptoms involving nervous tension, anxiety, muscle spasms, blackouts, shaking, and inability to sleep.[3] Plaintiff argues these symptoms were caused by plaintiff's withdrawal from alcohol and a variety of illegal drugs.

Plaintiff first raised these complaints in January 1992. Thereafter, plaintiff continually complained that the medication provided was ineffective and that he needed different treatment. In July 1992, plaintiff was referred to the Northeast Kansas Mental Health facility for evaluation, and following that evaluation, plaintiff's medication was changed. Plaintiff claims the new medication does a better job of controlling his condition. Plaintiff points to the period from January to July, during which he believes he did not receive appropriate medical treatment.

 Plaintiff does not claim that he received no medical care. Instead, plaintiff seeks relief based on his claim that the medical care provided was not effective. To the extent plaintiff complains that he did not receive the kind of treatment he felt was warranted for his physical symptoms, plaintiff asserts a difference of opinion regarding the kind and quality of the medical treatment necessary under the conditions. It is well settled that a simple difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not itself state a claim of constitutional violation. *Ledoux v. Davies,* 961 F.2d 1536 (10th Cir.1992).

The record in this case clearly demonstrates that defendants did not deliberately and intentionally disregard plaintiff's medical needs. Finding no factual or legal basis exists for plaintiff to proceed further under § 1983, the court concludes that dismissal of the complaint is warranted under § 1915(d).

IT IS THEREFORE ORDERED that the complaint is dismissed and all relief requested by plaintiff is denied.

---

**2.** Plaintiff also complains of negligence and medical malpractice. Plaintiff's remedy, if any, on these state actions lies in a state court. Because the court finds no federal claim is presented in the complaint, the court will not exercise pendent jurisdiction over these state law claims.

**3.** Plaintiff's medical complaints also included complaints regarding a body rash and scalp condition, stomach problems and the inadequacy of the prescribed bland diet, possible diabetes, and dental problems.