Robert T. HASTON, Plaintiff,

v.

Kerry GALETKA, et al., Defendants.

No. 91–C–752B.

United States District Court, D. Utah, C.D.

Sept. 15, 1992.

Robert T. Haston, pro se.

## ORDER

BENSON, District Judge.

In July, 1991, plaintiff Robert Haston ("Haston"), an inmate at the Utah State Prison, instituted this action under 42 U.S.C. sections 1983 and 1985(3) against several employees of the prison in their official and individual capacities. The case was referred to Magistrate Judge Ronald Boyce pursuant to 28 U.S.C. section 636(b)(1)(B). On October 8, 1991, the Magistrate Judge issued a Report and Recommendation, holding that Haston's complaint is without merit and recommending that it be dismissed pursuant to 28 U.S.C. section 1915(d). Haston filed an Objection to the Report and Recommendation on November 1, 1991.

On December 3, 1991, Chief Judge Bruce Jenkins adopted the magistrate judge's report, but authorized Haston to amend his complaint. Haston filed an amended complaint with jury demand on December 31, 1991. On January 31, 1991, the Magistrate Judge filed a second Report and Recommendation, again recommending that Haston's complaint be dismissed pursuant to 28 U.S.C. section 1915(d). Haston filed an Objection to that Report and Recommendation on February 11, 1992.

This court has conducted a *de novo* review of the entire file in this case, including Haston's complaints and both reports and recommendations of the Magistrate Judge. *Gee v. Estes*, 829 F.2d 1005, 1008–09 (10th Cir.1987). Because Haston is pursuing this claim *pro se*, the court will construe his complaint liberally. *Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir.1991); *see Neitzke v. Williams*, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989) (complaint dismissable under federal rule 12(b)(6) not necessarily "frivolous" within meaning of 28 U.S.C. section 1915(d)). Based on such review, the court agrees with the Magistrate Judge that Haston's amended complaint is without merit.

Haston has alleged that defendants, in their official and individual capacities, violated 42 U.S.C. sections 1983 and 1985(3) when they opened and inspected his mail outside his presence. The items of mail in question include part of a case file from the United States District Court for the District of Idaho, and a letter from the American Civil Liberties Union Foundation of Southern California ("ACLU"). Haston claims that the defendants violated his First Amendment rights to "petition the government for redress of grievances and to send and receive properly marked 'privileged' or 'confidential' mail from the courts or his attorney."

■ In reviewing the amended complaint, the court first finds that Haston's allegations against the defendants in their official capacities must be dismissed. Such allegations constitute an action against the State of Utah and are barred by the Eleventh Amendment absent waiver by the state or a valid congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). Utah law specifically provides that immunity is not waived in cases involving civil rights violations. Utah Code Ann. § 63–30–10(2) (Cum.Supp.1991).

■ Haston is also making claims against the defendants in their individual capacities. Although the defendants may be personally subject to suit for "official

acts", the court finds no legal basis for such liability in the instant case. *See Hafer v. Melo,* —— U.S. ——, ——, 112 S.Ct. 358, 365, 116 L.Ed.2d 301 (1991). The court finds that Haston's claim based on 42 U.S.C. section 1985(3) is without merit. To establish a violation of section 1985(3), a plaintiff must allege and prove a conspiracy for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws. *United Bhd. of Carpenters & Joiners of Am. v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–56, 77 L.Ed.2d 1049 (1983). There must also be an act in furtherance of the conspiracy which causes injury or deprives a person of a right or privilege of citizenship. *Id.* at 829, 103 S.Ct. at 3356. In addition, the United States Supreme Court has stated that a violation of section 1985(3) requires "that there must be 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* at 834, 103 S.Ct. at 3359 (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)). Here, Haston has pleaded no facts indicating a conspiracy by the defendants, any act in furtherance of such a conspiracy, or any racial or class-based animus. His section 1985(3) claim, therefore, must be dismissed.

In addition, the court finds that Haston has failed to state a valid claim under 42 U.S.C. section 1983. To establish such a claim, Haston must allege that the defendants acted under color of state law to deprive him of a right secured by the United States Constitution. *Ruark v. Solano,* 928 F.2d 947, 949 (10th Cir.1991) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)). Here, Haston has alleged that the defendants acted under color of state law and violated his First Amendment rights by opening and inspecting various pieces of mail outside his presence. Such acts rise to the level of constitutional violations, Haston claims, because he has the right to receive uncensored mail which has not been interfered with by authorities. The court does not agree.

Censorship of incoming prisoner mail is not totally prohibited. *Thornburgh v. Abbott,* 490 U.S. 401, 406, 417–20, 109 S.Ct. 1874, 1878, 1884–85, 104 L.Ed.2d 459 (1989). Haston's claim that the mere opening of inmate mail is a violation of his right to petition for redress of grievances guaranteed by the First Amendment is without merit. Haston has alleged no facts indicating that the defendants interfered with his right to petition any government agency. In addition, the right to petition for redress has never been interpreted to include the right of inmates to receive unopened mail. At the very least, the defendants' conduct, therefore, would be subject to qualified immunity with regard to Haston's claim for damages. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

Finally, Haston has failed to show more than an isolated incident of interference with his mail by prison officials. Haston alleges that he received two packages from the District Court in Idaho. The first, which was marked "confidential," was properly opened and inspected in Haston's presence. *See Wolff v. McDonnell,* 418 U.S. 539, 575–76, 94 S.Ct. 2963, 2984–85, 41 L.Ed.2d 935 (1974). The second package, however, was opened outside his presence. Although Haston cannot say whether the second package was marked "confidential," he contends that this court should presume it was marked in some such manner. However, the court finds that there is no basis for such a presumption as it could be equally inferred that the package was *not* marked "confidential" based on the fact that prison personnel properly handled the marked first package.

Haston further claims that prison officials improperly opened a letter from the ACLU marked "Legal Mail: To be opened by or in the presence of the inmate addressee." He contends that the opening of this letter outside his presence, coupled with the incident involving the Idaho package, constitutes more than an isolated event and taken together, these two events give rise to a constitutional violation. Relying on the opinion of the Tenth Circuit

Court of Appeals in *Smith v. Maschner*, 899 F.2d 940 (10th Cir.1990), Haston asserts that *only* an isolated incident of this type is protected from an inmate's constitutional claim. In *Maschner*, the court stated:

> As for Smith's claim concerning his mail from the post office and the IRS, he alleged only that prison officials opened and inspected it. Smith does not assert that inspection interfered with his communication with counsel or the courts. Defendants admitted to opening one piece of Smith's constitutionally protected legal mail by accident. *Such an isolated incident, without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation.*

*Id.* at 944 (emphasis added) (citations omitted).

■ Although the court agrees that *Maschner* addressed a single occurrence, it does not agree that the two incidents cited by Haston rise to the level of a constitutional violation. In the court's opinion, the facts indicate that the opening of the ACLU letter should still be considered an isolated incident in light of the absence of any showing that the second package from the federal court was marked "confidential." Furthermore, even if the court were to agree with Haston that two actual violations occurred, the court declines to find a constitutional violation under the facts presented here. Additionally, in the absence of any "pattern" of improper behavior by the defendants, a constitutional violation as addressed in *Maschner* requires that Haston show some improper motive by the defendants in opening his mail or a resulting interference with his right to counsel or access to the courts. 899 F.2d at 944. Haston has made no claim of any such interference by prison officials and has pleaded no facts which would indicate this type of interference. Consequently, Haston's claims under 42 U.S.C. section 1983 must be dismissed.

Within the parameters of 28 U.S.C. section 1915(d), this court finds that Haston has failed to state a claim for relief under either 42 U.S.C. section 1985(3) or section 1983. The court adopts the Report and Recommendation of the Magistrate Judge.

IT IS HEREBY ORDERED that Haston's amended complaint is DISMISSED.