Daniel Joseph **KIRWAN**, Plaintiff,

v.

**LARNED MENTAL HEALTH,**
et al., Defendants.

No. 92–3357–DES.

United States District Court,
D. Kansas.

March 19, 1993.

Daniel Joseph Kirwan, pro se.

John J. Knoll, Kristy L. Hiebert, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. He alleges violation of rights under the first, sixth, eighth, and fourteenth amendments, and seeks unspecified relief for defendants' "contempt of a court order, intentional intimidation of plaintiff in public, and slander."[1] Pursuant to court order, the Kansas Department of Corrections investigated plaintiff's claim and filed a *Martinez*[2] report. Having reviewed the record, the court finds plaintiff's complaint is legally frivolous and should be dismissed at this stage of the proceeding.

■■ Section 1915(d) of Title 28 grants the district court discretionary authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." This statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" that "lacks even an arguable basis in law," *Neitzke v. Williams,* 490 U.S. 319, 327, 328, 109 S.Ct. 1827, 1832, 1833, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez,* —— U.S.

——, 112 S.Ct. 1728, 118 L.Ed.2d 340, 350 (1992). A *Martinez* report can be used to evaluate claims for purposes of dismissal under 1915(d). *Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991). The purpose of a *Martinez* report is to determine whether there is a legal basis for plaintiff's claims. *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). The report is not to be used to resolve material factual issues. *Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992).

■■ In the present case, plaintiff presents two different claims. He first complains that defendants fail to address him by his correct name. Plaintiff relies on a state court order from Leavenworth District Court showing his name has been legally changed from "Michael Pyle" to "Daniel Joseph Kirwan." Plaintiff claims defendants refuse to use his new name, and thus slander plaintiff and cause him emotional anguish.

It is uncontroverted that "Michael Pyle" is the name under which plaintiff was convicted and sentenced in 1971. Prison regulations provide that while incarcerated, prisoners must respond to the name under which the prisoner was convicted, and that when a prisoner legally changes a name, the new name is reflected as an alias name in parentheses after the convicted name. K.A.R. 44–12–506. Plaintiff essentially, complains, therefore, of defendants' adherence to applicable prison regulations.

It is recognized that prisoners retain certain constitutional rights, and that "[w]hen a prison regulation offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights." *Procunier v. Martinez,* 416 U.S. 396, 405–06, 94 S.Ct. 1800, 1807–08, 40 L.Ed.2d 224 (1974). It is also recognized that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).

1. In numerous later pleadings, plaintiff seeks injunctive relief to prevent defendants from referring to plaintiff under his former name. The court has considered plaintiff's motions to amend the complaint and finds no proposed amendment alters the findings and conclusion reached in this order.

2. *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978).

In the present case, however, the court finds no constitutional right is at issue. Plaintiff changed his name for personal reasons, and he complains of prison regulations which interfere with his desire to be referred to by his new name. Plaintiff sets forth no first amendment claim regarding the exercise of his religious beliefs, or his right of association. Plaintiff further mischaracterizes the state court order as requiring prison officials to use plaintiff's new name.

■ To state a valid cause of action under § 1983, a plaintiff must allege the deprivation of a right, privilege, or immunity secured by the constitution and laws of the United States while the defendant was acting under color of state law. *Hill v. Ibarra*, 954 F.2d 1516 (10th Cir.1992). Here, the court finds no factual or legal basis for plaintiff's claim of such constitutional deprivation regarding defendants' use of plaintiff's former legal name, and concludes dismissal of the complaint is warranted. To the extent plaintiff sets forth any state tort claims regarding the use of his name, plaintiff must pursue relief on such claims in state court.

Secondly, plaintiff claims he was denied adequate food. When plaintiff filed his complaint, he was confined in Larned Mental Health Correctional Facility in Larned, Kansas. Plaintiff requests no specific relief regarding this claim. The court finds plaintiff's complaints regarding the amount or quality of the food provided in that institution were mooted when plaintiff was transferred to EDCF.

IT IS THEREFORE ORDERED that the complaint is dismissed as legally frivolous, and that all relief requested by plaintiff is denied.