James Sydney HANEY, Plaintiff,

v.

Robert STEPHAN, et al., Defendants.

No. 92–3009–DES.

United States District Court,
D. Kansas.

March 19, 1993.

James Sydney Haney, pro se.

Kristy L. Hiebert, Office of Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff claims the conditions of this confinement violate various constitutional rights. He claims he is forced to associate with violent offenders, and this violates a court order entered in the prison class action suit *Porter v. Finney*, Case No. 85–3045. Plaintiff also claims he is subjected to dangerous conditions in the prison paint factory. Finally, plaintiff complains defendants allow prison inmate informants to break prison rules and regulations. As directed by the court, the Kansas Department of Corrections investigated plaintiff's claims and filed a *Martinez [v. Aaron,* 570 F.2d 317 (10th Cir. 1978)] report on their findings. Plaintiff filed a response thereto (Doc. 22). Plaintiff claims the report is false and ambiguous, and asks the court to strike the report in its entirety.

88

Having reviewed the record, the court denies plaintiff's request to strike the *Martinez* report. The *Martinez* report adequately presents the factual background to plaintiff's complaint, and is sufficient to allow the court to determine whether dismissal of the complaint is warranted at this point under 28 U.S.C. § 1915(d).

▇ Section 1915(d) of Title 28 grants the district court discretionary authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." This statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" that "lacks even an arguable basis in law," *Neitzke v. Williams,* 490 U.S. 319, 327, 328, 109 S.Ct. 1827, 1833, 1833, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340, 350 (1992). A *Martinez* report can be used to evaluate claims for purposes of dismissal under 1915(d). *Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991). The purpose of a *Martinez* report is to determine whether there is a legal basis for plaintiff's claims. *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir.1987). The report is not to be used to resolve material factual issues. *Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992).

▇ In the present case, plaintiff complains defendants are violating a court order in the prison class action, *Porter v. Finney.* The plaintiff class in *Porter* includes inmates confined at LCF, and the plaintiff class is represented by counsel. Even if plaintiff's allegations are considered as true, plaintiff must pursue relief in that ongoing class action.

▇ Plaintiff next complains the LCF paint factory is unsafe. The only specific allegation presented concerns the quality of the wiring in the paint factory. Plaintiff also broadly claims defendants conspired to defraud national accreditation officials. Defendants indicate a review is underway of the feasibility and cost of updating the wiring at the Kansas Correctional Industries paint shop. Whether defendants in fact defrauded or misled accreditation officials, such conduct in and of itself would not give rise to a violation of plaintiff's constitutional rights. Similar claims regarding the safety of the LCF paint factory were dismissed as frivolous in *Robards v. Stephan,* 92–3101, and that decision was affirmed on appeal to the Tenth Circuit Court of Appeals, 977 F.2d 596, (unpublished opinion, October 19, 1992, appeal 92–3174).

▇ Finally, plaintiff complains prison informants are allowed to break prison rules and regulations. This conclusory claim fails to implicate any of plaintiff's constitutional rights, and is legally frivolous.

To state a valid cause of action under § 1983, a plaintiff must allege the deprivation of a right, privilege, or immunity secured by the constitution and laws of the United States while the defendant was acting under color of state law. *Hill v. Ibarra,* 954 F.2d 1516 (10th Cir.1992). In the present case, the court finds plaintiff's claims of constitutional deprivation are frivolous and without foundation in law or fact. Accordingly, dismissal of the complaint is warranted under § 1915(d) at this stage of the proceeding.

IT IS THEREFORE ORDERED that the complaint is dismissed, and that all relief requested by plaintiff is denied.