**Edward E. HOLLOMAN, Plaintiff,**

v.

**Michael NELSON, et al., Defendants.**

No. 92–3455–DES.

United States District Court,
D. Kansas.

March 19, 1993.

Edward E. Holloman, pro se.

John J. Knoll, Office of the Atty. Gen., Topeka, KS, for Michael Nelson.

Larry D. Shoaf, Alisa M. Arst, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS for (NFN) WINBLAD, Doctor.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis, 28 U.S.C. § 1915, on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. He seeks damages for alleged deprivation of constitutional rights under the Eighth Amendment. As requested by the court, the Kansas Department of Corrections has investigated plaintiff's claims and has prepared and filed a *Martinez* [1] report. The court now reviews the record to determine the threshold question of whether the complaint should be dismissed as frivolous under 28 U.S.C. § 1915(d).

---

1. *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978).

**90**

Section 1915(d) of Title 28 grants the district court discretionary authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." This statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" that "lacks even an arguable basis in law," *Neitzke v. Williams,* 490 U.S. 319, 327, 328, 109 S.Ct. 1827, 1832, 1833, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340, 350 (1992). A *Martinez* report can be used to evaluate claims for purposes of dismissal under 1915(d). *Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991). The purpose of a *Martinez* report is to determine whether there is a legal basis for plaintiff's claims. *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). The report is not to be used to resolve material factual issues. *Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992).

In the present case, the material facts are not in dispute. Plaintiff is allergic to penicillin, and a penicillin compound was administered as medical treatment. Plaintiff did not swallow the medication. His contact with the medication was limited to placing the pill in his mouth and then spitting it out. Plaintiff received the penicillin medication only once.

To proceed on a claim based on failure to provide adequate medical care, plaintiff must plead facts showing defendants were deliberately indifferent to plaintiff's medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) This plaintiff cannot do, as it is clear the error in medication was an isolated and inadvertent error. It is admitted that plaintiff received medication prescribed for another inmate with the same last name. *See Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) ("it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct" prohibited by eighth amendment). To the extent plaintiff claims he was denied adequate medical care because defendants failed to maintain accurate records and because defendants failed to closely monitor medication allergies, plaintiff states at most a claim of negligence and he must seek relief in a tort action in state court.

To state a valid cause of action under § 1983, a plaintiff must allege the deprivation of a right, privilege, or immunity secured by the constitution and laws of the United States while the defendant was acting under color of state law. *Hill v. Ibarra,* 954 F.2d 1516 (10th Cir.1992). In the present case, the court finds plaintiff's eighth amendment claim of constitutional deprivation is frivolous and without foundation in law or fact. Accordingly, dismissal of the complaint is warranted under § 1915(d) at this stage of the proceeding.

IT IS THEREFORE ORDERED that the complaint is dismissed, and that all relief requested by plaintiff is denied.

