996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence J. MAYER, Plaintiff-Appellant,
v.
Samuel A. LEWIS; Gene Henry, et al., Defendants-Appellees.
 No. 92-16285.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence J. Mayer, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment to prison officials and dismissal of his 42 U.S.C. § 1983 action. He alleges that the officials subjected him to cruel and unusual punishment when he could not provide a urine sample. We affirm.
 
 
 3
 * As part of a routine drug screening, corrections officers asked Mayer to give a urine sample. When he did not, they placed him in a holding room. Two and a half hours later, he still had not produced a sample. The officers then issued him a disciplinary write-up and returned him to his cell.
 
 
 4
 Mayer alleges that he could not produce the sample because of the frigid temperature in the room, the effects of the flue and the pain of an enlarged left testicle. He claims that once he was in the room the officers turned on the air conditioning and that because he was dressed only in jeans, a t-shirt and socks, he suffered mild hypothermia. Finally, he claims that the officers were deliberately indifferent to his needs because they were dressed in warm coats and did not offer him medical treatment or clothing. He alleges that their actions are common practice at the prison.
 
 
 5
 They respond that they checked on Mayer several times and that he never complained that he was cold, feeling ill or needed medical treatment. They add that the holding cell is cooled by a swamp cooler with a single control for the entire building, which also regulated the temperature in the area where the officers congregated.
 
 
 6
 Mayer raises two issues on appeal. First, he argues that the district court erred in denying his Eighth Amendment claim. Second, he contends that the court denied him due process by not enforcing its order requiring the defendants to prepare a report of their review of the incident and to provide Mayer with the report and supporting documentation.
 
 II
 A. Cruel and Unusual Punishment
 
 7
 We review de novo a grant of summary judgment. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to Mayer, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. See Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 8
 "[O]nly the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Mayer must show that prison officials acted with deliberate indifference toward the conditions under which he was held. See id. at 2326-27.
 
 
 9
 He fails to make such a showing. He did not complain to the officers about the conditions or did he ask them for medical attention. They checked on him several times and he did not appear to be ill or in need of a doctor's care. Also, all of the other inmates and officers were subject to the same conditions. One control unit regulated the temperature in the entire building. Because Mayer did not show that the officers were deliberately indifferent to the conditions under which he was being held pending production of a urine sample, the district court did not err in granting summary judgment.
 
 B. Denial of Due Process
 
 10
 After Mayer filed his complaint, the court ordered the defendants to investigate his allegations and prepare a report. It was to address the facts and circumstances of Mayer's complaint and, if possible, include copies of any reports or records related to the incident.[1] Mayer now argues that defendants did not comply with the court's order to produce records and that it denied him due process because it made its decision on the basis of an incomplete record.
 
 
 11
 His claim is meritless. Defendants prepared and submitted the report to the court and sent a copy to Mayer. It contained a review of the facts and circumstances of the incident and was accompanied by the affidavit of the supervising officer. In its order, the court did not require that additional reports and records be included; rather, it merely ordered that they should be included "where possible." After receiving the report, the court did not request additional materials from the defendants. We can assume it found the report sufficient. The court had all the information necessary to make an informed decision. Mayer's due process rights were not denied.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mayer calls this report a "Martinez Report." Apparently, he is referring to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978) (per curiam), in which the Tenth Circuit upheld the use of a report similar to the one prepared here. The report's purpose is to help the district court determine if there is a factual as well as legal basis for a prisoner's claims. Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir.1987). It is particularly useful in determining whether the action is frivolous. Id. The court may not, however, accept the factual findings of the prison investigation in the face of conflicting pleadings and affidavits. Sampley v. Reuttgers, 704 F.2d 491, 494 (10th Cir.1983). That is not an issue here. Where the facts conflicted, the district court viewed Mayer's allegations as true