**James K. JACOBS, Plaintiff,**

v.

**Gary STOTTS, et al., Defendants.**

**No. 93–3098–DES.**

United States District Court,
D. Kansas.

Aug. 18, 1993.

**1246**

James Jacobs, pro se.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on March 3, 1993, alleging his constitutional rights were violated by his transfer from the Winfield Correctional Facility, which resulted in his removal from a pre-release program, and the failure to provide him a hearing within seventy-two hours after his placement in administrative segregation.

On March 10, 1993, the court directed the preparation of a report pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978). The report was filed on August 9, 1993, and the court, having reviewed the same, makes the following findings and order.

Plaintiff was transferred from the Winfield Correctional Facility ("W.C.F.") to the El Dorado Correctional Facility, El Dorado, Kansas, on approximately February 24, 1993, and was confined there until his release on parole in early May 1993. Plaintiff's removal from W.C.F. resulted in his removal from a pre-release class. The transfer came three days after plaintiff's placement in administrative segregation based on a finding plaintiff was an "extreme risk of escape." (*Martinez* report, Ex. 2.) Plaintiff received a pre-segregation hearing. (*Id.*)

A so-called *Martinez* report may be used to evaluate claims for dismissal under 28 U.S.C. § 1915(d). *Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991). The purpose of a *Martinez* report is to determine whether there is a legal basis for plaintiff's claims. *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir.1987). The report is not to be used to resolve material factual issues. *Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992).

A review of the *Martinez* report in this matter persuades the court there is no legal basis for plaintiff's claims. First, the decision to place plaintiff in administrative segregation on the basis of an escape risk is consonant with applicable administrative regulations. *See* Kansas Administrative Regulation (K.A.R.) 44–14–302(e)(6). Next, because plaintiff received a hearing prior to his placement in administrative segregation, the provision of the Kansas Administrative Regulations which requires a hearing within three working days is inapplicable. K.A.R. 44–13–310(a) requires such a hearing only where emergency circumstances require that the initial placement be effected without a hearing. Finally, the decision to transfer plaintiff to another facility where he could be housed outside the segregation unit does not, without more, implicate his constitutional rights. The *Martinez* report correctly notes that inmates do not enjoy a constitutional right to placement in a particular facility. *See Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983). Finally, the court finds no merit to plaintiff's claim that his removal from the pre-release program resulted in cruel and unusual punishment. The institutional policy statement regarding placement in a pre-release program expressly provides that an inmate may be terminated for circumstances which include behavior which interferes with program participation or jeopardizes the operation of the

institution. (*Martinez* report, Ex. 4.) Given the finding the plaintiff was an escape risk, the determination to remove him from the facility was reasonable even though it resulted in his removal from the pre-release program. The termination was within the discretion of correctional officials and did not result in cruel and unusual punishment.

For these reasons, the court concludes this matter is properly dismissed.

IT IS SO ORDERED.