**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mohamed Arref SHAMI and Waleed Samaha, Defendants-Appellants.**

No. 84–1545.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 5, 1985.

Decided Feb. 12, 1985.

Sharon-Lee Edwards, Detroit, Mich., for defendants-appellants.

Leonard R. Gilman, U.S. Atty., Robert Donaldson, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before LIVELY, Chief Judge, and MARTIN and JONES, Circuit Judges.

PER CURIAM.

This case presents the question of whether the district court erred in failing to give a *de novo* review to those issues to which defendants filed objections. We hold that a *de novo* review is required by both Article III of the United States Constitution and 28 U.S.C. § 636(b) (1982). We REVERSE and REMAND.

Mohamed Arref Shami and Waleed Samaha were each indicted with conspiracy to possess with intent to distribute heroin. Samaha was charged with aiding and abetting Shami in the distribution of heroin to undercover agents. Prior to trial, defendant Shami, while represented by the Federal Defender's Office, filed a "Motion to Dismiss Indictment and for Evidentiary Hearing" on the ground of outrageous government conduct. The matter was referred to a magistrate for a hearing. Subsequent to the original filing of the motion, defendants Samaha and Shami retained

their current counsel. Both defendants then joined in the Motion to Dismiss Indictment and for Evidentiary Hearing.

On January 24, 1984, the magistrate asked counsel for each party to submit statements of facts from which he would then determine whether an evidentiary hearing was needed. On January 31, 1984, defendants filed their revised statement of facts. On February 3, 1984, the government filed a "Supplemental Answer to Motion to Dismiss Indictment" and a brief in support of the answer. In these documents, the government stated that "the government conduct, even if as alleged by the defendants, is not so outrageous as to violate the defendants' right to due process." It further stated that "the government chooses at this time to present no testimony, but instead let the court rule as a matter of law on whether the factual setting as put forth by the defendants is outrageous Government conduct of such a magnitude as to require dismissal of the indictment."

Defense counsel argued that the magistrate must grant the motion to dismiss as a matter of law because the government chose not to contest the facts. The magistrate, however, refused to accept the government's "stipulation" and stated:

> THE COURT: It's certainly within the Government's discretion to make a considered judgment that, for limited purposes, the facts proffered by Defendants, should be taken by the Court as true for purposes of deciding the motion.
> And a fair reading of the Government's supplemental answer to the motion to dismiss indictment and for evidentiary hearing, dated today and submitted today, indicates to me such a stipulation. But, I remain unconvinced that this stipulation represents a considered judgment on the part of the Government. And that concerns me, because, while the Court, you know, it's black letter law that a Court can and should accept stipulations in most circumstances. And when the stipulation goes to the point of the viability of a prosecution and does

not appear to be a considered judgment, then, it seems to me in the interest of justice, which is what I'm interested in, the Government ought to be given an opportunity to reconsider its position, and be given an opportunity to state its considered judgment on the record.

> Although I have made a tentative—and I emphasize that word, tentative—conclusion that the facts proffered by the Defense are sufficient under the claim of outrageous Government conduct, I am extraordinarily hesitant to recommend dismissal of the indictment based on the present state of the stipulation that I have before me.

> And so I can only revert back to the order that I stated on the record a half an hour ago, and that is that I want a supervisor from the United States Attorney's office to come down here and tell me and give me a considered judgment on whether the need to protect the informant is so strong that, or for some other tactical consideration, the Government is making a considered judgment to stipulate to these matters.

> ... dismissal of the indictment is such a Draconian step to take, and such a harsh, harsh remedy that I want to be sure that I am recommending it when it's justified, and not because of some ill-considered judgment on the Government's part.

When the prosecutor's supervisor appeared, the magistrate stated:

> THE COURT: ... is the Government going to stipulate to the Defendants' facts or is it not? And I want you to consider that, because I have made a tentative ruling that if the Defendants' facts are accepted by the Court, then that is the outrageous government conduct.

The government requested and was granted, over defendants' objection, an adjournment. When the court reconvened on February 6, 1984, the government had filed its "Statement of Facts".

The magistrate held an evidentiary hearing and, upon its conclusion, filed his "Report and Recommendation." The magis-

trate recommended that the motion to dismiss for outrageous government conduct be dismissed. The defendants filed objections which included an objection to the magistrate's refusal to accept the government's stipulation. The magistrate addressed the issue only briefly in his report. The district court denied the defendants' request for oral argument on their objections. Finding it must view the evidence in the light most favorable to the government, the court denied the motion to dismiss.

■ 28 U.S.C. § 636(b)(1) provides that a district court *"shall make a de novo determination* of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." (emphasis added). This requirement is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure. " 'Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the Court, if requested, of matters falling within subsection (b)(1)(B).' " *United States v. Walters,* 638 F.2d 947, 950 (6th Cir.1981) (quoting *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980)). Consequently, *de novo* review of a magistrate's report is both statutorily and constitutionally required.

■ In the instant case, the district court failed to review all of the defendant's objections. Further, the court purported to review the ultimate determination of the magistrate by viewing the evidence adduced at the hearing in the light most favorable to the government. Such a standard of review is antithetical to the requirement that the district court make a *de novo* determination. When reviewing the evidence adduced at a hearing before a magistrate, a district court must weigh the evidence for itself and make an independent determination of the dispositive issues. *See United States v. Raddatz,* 447 U.S.

667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980). The district court's failure to make a *de novo* determination in the instant case was error. We, therefore, REVERSE and REMAND for a *de novo* determination by the district court as to *all* issues raised by defendant Samaha's objections.

Having learned at oral argument that defendant Shami is presently a fugitive, it is ordered that his appeal be DISMISSED thirty days from date, unless he submits himself to the jurisdiction of the United States District Court prior to that time. *United States v. Dawson,* 350 F.2d 396, 397 (6th Cir.1965); *Wayne v. Wyrick,* 646 F.2d 1268, 1270 (8th Cir.1981).