802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sameer George KATTOUAH, Defendant-Appellant.
 No. 84-1603.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1986.
 
 Before LIVELY, Chief Judge, and KENNEDY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant, Sameer George Kattouah, was convicted after a jury trial of conspiracy to possess heroin with intent to distribute and conspiracy to distribute heroin and aiding and abetting the distribution of heroin. Following delivery of a large quantity of heroin to an undercover agent in the parking lot of a Detroit restaurant, two co-defendants involved in the actual delivery were arrested. It could have been found from the evidence that the heroin had been brought to the parking lot in a vehicle owned and driven by the defendant-appellant. Immediately after the arrest of the two co-defendants, the defendant drove rapidly away from the parking lot and was apprehended at a traffic light. The agents arrested the defendant-appellant and a third co-defendant who was in the vehicle. Just prior to the delivery one of the co-defendants told the undercover agent that there were three others of his group present: the other co-defendant involved in the delivery, a driver and a friend.
 
 
 2
 On appeal Kattouah contends that there was not sufficient evidence to support a finding that he knowingly engaged in the distribution of heroin because the jury was required to draw too many unreasonable inferences from isolated bits of evidence. The government argues that in totality the evidence clearly was sufficient and that the various items of evidence should not be examined separately or in a vacuum.
 
 
 3
 A second allegation of error is the district court's admission of evidence of prior drug transactions in which Kattouah was involved. The government contends that this evidence strongly supported a finding that Kattouah knowingly participated in the drug transaction. The defendant-appellant argues that there was so little similarity between the earlier transactions involving Kattouah and the one on which this indictment was based that it was an abuse of discretion for the court to permit the jury to hear the evidence. The evidence disclosed that on two previous occasions Kattouah had delivered small quantities of cocaine from the same vehicle used to deliver the large amount of heroin in the present case. There was little relationship between the instances, according to Kattouah, because the cocaine transactions involved very small amounts having relatively little value while the "street value" of the heroin ran into the millions. Kattouah argues that the real purpose of the evidence was to show his bad character or propensity to do criminal acts rather than to prove his knowledge on the occasion of the act involved in this prosecution.
 
 
 4
 The defendant-appellant also contends that the district court erred in failing to give him the benefit of rulings made in favor of his co-defendants after entering an order that he would have the benefit of such rulings. Early in the proceedings the three co-defendants joined in a motion to dismiss the indictment; some months later the magistrate entered an order based on a stipulation with the government permitting Kattouah to be joined in all previously filed motions by the other defendants and in "any relief granted to those defendants." Thereafter the co-defendants filed written objections to the magistrate's report and recommendation that the motion be denied, but Kattouah filed no objections. The co-defendants pled guilty to one of the charges, preserving their right to appeal pursuant to Rule 11(a)(2), Fed.R.Crim.P., and this court held that the district court erred in not giving de novo review to the issues and findings in the magistrate's report to which the co-defendants had objected. United States v. Shami, 754 F.2d 670 (6th Cir.1985). Kattouah now argues that he was entitled to the same relief, though he never filed objections to the magistrate's report and though the issues raised in the objections of the other parties did not apply to his participation in the drug transaction.
 
 
 5
 Finally, Kattouah contends that the district court committed reversible error when it failed to require his co-defendants to be sworn and refuse to answer questions on the ground of compulsory self-incrimination before ruling that they would not be required to testify. Kattouah had subpoenaed his three co-defendants, who had pled guilty to a single charge, had other charges pending and had not been sentenced on their guilty pleas. When counsel for the co-defendants informed the district court that all of them would refuse to testify on Fifth Amendment grounds, the district court quashed the subpoenas and did not require the co-defendants to be sworn as witnesses. Kattouah contends that the district court should have required each of the co-defendants to be called out of the presence of the jury and to refuse to answer specific questions before ruling that they would not be subpoenaed.
 
 
 6
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not commit reversible error in these proceedings. Taken together, the items of evidence linking Kattouah to the sale of the heroin were sufficient to form the basis of legitimate inferences that he did knowingly participate. This is not a case where mere presence at the time and place of an illegal act is relied upon; instead, there are a number of concrete facts which point to a knowing participation. We find no abuse of discretion in the ruling of the district court on the evidence of previous illegal activities of Kattouah. The fact that drugs were involved in all three instances and that the same vehicle was used for delivery on the previous occasions as on the occasion involved in this prosecution was indicative of the defendant-appellant's knowledge of what was happening. He made knowledge an issue in the case by admitting that one of the co-defendants retrieved the drugs from his vehicle just prior to the delivery to the undercover agent while claiming that he did not know that the article taken from his vehicle was contraband.
 
 
 7
 Also, we find no abuse of discretion in the rulings of the trial court on the two remaining issues. Kattouah made no effort to join with his co-defendants in the motion to dismiss, though he was given an opportunity to do so. In addition, the issues raised by the co-defendants' objections to the magistrate's recommendations did not relate to Kattouah's role in the transaction. With respect to the subpoenas, the district court was informed that the co-defendants would refuse to testify on Fifth Amendment grounds and Kattouah offered no explanation of what relevant questions could be asked of these co-defendants that would not be subject to their previously asserted Fifth Amendment refusals to testify.
 
 
 8
 The judgment of the district court is affirmed.