816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joey PERRYMAN, Plaintiff-Appellant,
v.
Sheriff Carlton BLESS, et al., Defendants-Appellees.
 No. 86-5528.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. The pro se Tennessee prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint alleging inadequate medical care in violation of the Eighth and Fourteenth Amendments.
 
 
 2
 In his complaint, the plaintiff alleged that jail personnel refused to fill a prescription or take him to a doctor for a follow-up examination. The case was referred to a Magistrate who held an evidentiary hearing to determine if the claims were frivolous. The Magistrate concluded that the claims were frivolous under 28 U.S.C. 1915(d) and recommended that the complaint be dismissed. The plaintiff objected. The district court adopted the Magistrate's recommendation and dismissed the complaint. The plaintiff filed a timely notice of appeal.
 
 
 3
 Normally, a district court must made a de novo review of those portions of a Magistrate's report to which objection is made. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985) (per curiam); Hill v. Duriron, 656 F.2d 1208, 1214 (6th Cir. 1981). See also Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985), cert. denied, 107 S.Ct. 116 (1986). However, under limited circumstances a de novo review is not necessary.
 
 
 4
 A district court faced with a pro se complaint containing conclusory allegations may refer the case to a Magistrate to conduct an evidentiary hearing to determine the factual basis of the plaintiff's claim. Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985). In Spears, the pro se plaintiff, a Texas prisoner, appealed the dismissal of his 42 U.S.C. Sec. 1983 complaint upon the recommendation of the Magistrate. The plaintiff objected claiming that the Magistrate decided the case on its merits in contravention of his jury demand. The Fifth Circuit disagreed and affirmed the judgment of the district court stating:
 
 
 5
 It would be inappropriate to refer that case to a magistrate for a trial over the prisoner's objections. But the trial court may refer the case to a magistrate to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim. (original emphasis).
 
 
 6
 766 F.2d at 180.
 
 
 7
 In this case, the Magistrate was not making ultimate findings of fact or conclusions of law. He was merely aiding the court in determining the factual basis of the claim, much like a more definite statement would aid the court pursuant to Rule 12(e , Federal Rules of Civil Procedure. Under these circumstances, it should be clearly stated by the Magistrate and the district court that they are determining whether a claim has been stated or is frivolous under 28 U.S.C. Sec. 1915(d) and that they are not deciding any factual issue.
 
 
 8
 Upon review of the instant case, we conclude that the district court acted properly. The plaintiff did not state a cognizable claim of cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b), Rules of the Sixth Circuit.