9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George L. ALLEN, Jr., Defendant-Appellant.
 No. 92-6703.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1993.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant George L. Allen appeals his conviction of attempting to possess with the intent to distribute more than 500 grams of cocaine. We remand Allen's motion for judgment of acquittal or, in the alternative, for a new trial for a de novo determination of all issues raised by Allen in his objections to the magistrate's report.
 
 I.
 
 2
 On March 24, 1992, Officer David James ("Officer James") of the Louisville-Jefferson County Metro Narcotics Division, posing as a drug trafficker, met with defendant-appellant George L. Allen, Jr. ("Allen") at the Executive Inn in Louisville, Kentucky, to negotiate the sale of cocaine. Allen agreed to purchase one kilogram of cocaine for $18,000 the following day.
 
 
 3
 On March 25, 1992, Allen met with Officer James in his room at the Executive Inn (which was wired for audio and video surveillance) to consummate the cocaine transaction. Allen handed $18,000 to Officer James, and Officer James handed Allen the cocaine and a triple beam scale to verify its weight. As Officer James counted the cash, Allen exmained the cocaine and complained of its poor quality. Though Officer James agreed to lower the price of the cocaine, Allen stated that he had anticipated a "slab" of cocaine and noted that he could not sell the poor quality cocaine to his people. After noting that he did not "want to fool with this," Allen agreed to purchase a kilogram of higher quality cocaine for $20,000 the following week. Law enforcemnet officers arrested Allen as he left the hotel room with his money.
 
 
 4
 On May 4, 1992, the grand jury returned a one-count Indictment charging Allen with attempting to possess with the intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. Sec. 846. The appellant's trial began on August 13, 1992, and concluded the next day when the jury found him guilty.
 
 
 5
 Following his conviction, Allen filed a motion for judgment of acquittal or, in the alternative, for a new trial. The district court judge referred the matter to a magistrate, pursuant to 28 U.S.C. Sec. 636(b)(1)(B), for proposed findings and recommendations. On November 5, 1992, the magistrate filed his "Findings of Fact, Conclusions of Law and Recommendations" in which the magistrate recommended that Allen's motion be rejected. On November 19, 1992, Allen filed his "Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendations." On December 2, 1992, the appellee filed the "United States' Response to Defendant's Objections to Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation."
 
 
 6
 On December 18, 1992, the district court judge rejected Allen's motion and sentenced the appellant to 78 months imprisonment, to be followed by 4 years of supervised release, and ordered that Allen pay the mandatory $50 special assessment.
 
 
 7
 Allen thereafter filed his timely notice of appeal challenging his conviction.[1]
 
 II.
 Sufficiency of the Evidence
 
 8
 At the close of the government's case, and at the close of evidence, Allen, arguing insufficiency of the evidence, unsuccessfully moved for acquittal. "When reviewing a denial of a motion to dismiss, we must consider all the evidence in a light most favorable to the government and then determine whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." United States v. Walton, 908 F.2d 1289, 1294 (6th Cir.), cert. denied, 498 U.S. 906, 989, 990 (1990). See also United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984) (When reviewing a sufficiency of the evidence claim, "[t]he government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial. It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt.") (citations omitted), cert. denied, 469 U.S. 1193 (1985).
 
 
 9
 "To convict a person of 'attempt' to commit a drug offense, the government must establish two essential elements: (1) the intent to engage in the proscribed criminal activity, and (2) the commission of an overt act which constitutes a substantial step towards commission of the proscribed criminal activity." United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989) (citation omitted). "[T]he defendant's objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics." Id. (brackets in original) (quoting United States v. Pennell, 737 F.2d 521, 525 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985)).
 
 
 10
 Allen maintains that "there is insufficient evidence to support his conviction because he abdicated his attempt to purchase the cocaine prior to taking the substantial step necessary to complete the crime of attempt." Appellant's Brief at 7. The Sixth Circuit, however, "has not recognized voluntary abandonment or renunciation as a valid defense to an attempt charge [because] a defendant may have taken a substantial step towards the completion of the crime, thus completing his attempt, before deciding to renounce or abandon the consummation of the offense." United States v. Tanks, 978 F.2d 1260 (6th Cir.1992) (per curiam) (unpublished). Though the Tanks panel noted that "abandonment is not a recognized defense in the law of the circuit," id., the panel later equivocated by noting that "it is questionable whether this circuit even recognizes the [abandonment or renunciation] defense." Id.
 
 
 11
 Though the status of the abandonment or renunciation defense in this circuit is not entirely clear, the prosecution presented sufficient evidence of Allen's attempt to possess, with the intent to distribute, one kilogram of cocaine notwithstanding Allen's alleged renunciation: Allen met with Officer James on March 24, 1992, to arrange for the purchase of one kilogram of cocaine the following day; Allen telephoned Officer James on March 25, 1992, to discuss the specifics of the cocaine transaction; Allen handed Officer James $18,000 in cash (the agreed-upon price) in exchange for the kilogram of cocaine which Allen examined and weighed; Allen refused to complete the transaction because he claimed that he would not be able to distribute the poor quality cocaine to his customers; and, Allen agreed to purchase a kilogram of higher quality cocaine from Officer James the following week.
 
 
 12
 Because sufficient evidence supports Allen's conviction, we reject the appellant's first assignment of error. See generally United States v. Williams, 704 F.2d 315, 321 (6th Cir.) (failure to possess cocaine was not fatal to attempt charge where defendant made a telephone call to arrange the deal and later arrived with a weapon and $3,400 to complete the transaction), cert. denied, 464 U.S. 991 (1983).
 
 Jury Instruction
 
 13
 Allen, citing United States v. Tanks, argues that "[t]he district court committed reversible error by giving a jury instruction on the defense of abandonment [because] the Sixth Circuit does not recognize voluntary abandonment or renunciation as a valid defense to an attempt charge." Appellant's Brief at 10.
 
 
 14
 "When examining a challenge to jury instructions we review the record as a whole to determine whether the instructions 'state the law which governs and [provide] the jury with an ample understanding of the issues and the standards applicable.' " Kloepfer v. Honda Motor Co., 898 F.2d 1452, 1455 (10th Cir.1990) (citations omitted). "We thus consider all that the jury heard and, from the standpoint of the jury, decide 'not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had [an] understanding of the issues and its duty to determine these issues.' " Id. (citations omitted). "We may reverse only for an abuse of discretion, and must give the trial judge 'substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented.' " Lewy v. Southern Pacific Transp. Co., 799 F.2d 1281, 1287 (9th Cir.1986) (citations omitted).
 
 
 15
 In the instant action, the district court judge instructed the jury (in relevant part):
 
 
 16
 Now, when an actor's conduct would otherwise constitute an attempt it is an affirmative defense that he abandoned his effort to commit the crime or otherwise prevent its commission under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.
 
 
 17
 In other words, if he renounced voluntarily his attempt to commit a crime the law protects him from a conviction on that crime. But a renunciation is not complete if it's motivated in whole or in part by circumstances not apparent at the inception of the actor's course of conduct, that the increase of possibility of detection or apprehension or to make it more difficult to, to make it more difficult to the accomplishment of the criminal purpose. Renunciation is not completed if it is motivated by a decision to postpone the criminal effort to another but similar objective. An abandonment or renunciation cannot be contemporary or contingent. The government, but the government has the burden of proving that any renunciation or abandonment was not voluntary and complete.
 
 
 18
 Consider all the evidence and decide if the government has proved beyond a reasonable doubt that the defendant did not voluntarily and completely abandon and renounce his criminal intent to possess and distribute cocaine.
 
 
 19
 Joint Appendix at 135-36.
 
 
 20
 Allen claims that the district court's jury instruction necessitates reversal of his conviction because the Sixth Circuit rejected the abandonment and renunciation defense in United States v. Tanks, 978 F.2d 1260 (6th Cir.1992) (per curiam) (unpublished). Though the Tanks panel noted that "abandonment is not a recognized defense in the law of the circuit," id., the panel concluded: "Because there is no evidence of abandonment or renunciation in this case, and because it is questionable whether this circuit even recognizes the defense, defendant was not entitled to the instruction he requested." Id. Accordingly, the status of the abandonment and renunciation defense in this circuit is murky.
 
 
 21
 Though Allen argues, on appeal, that he "abdicated his intent to commit any criminal activity prior to taking the substantial step necessary to complete the crime of attempt" by retrieving his cash and leaving the hotel room without the cocaine, Appellant's Brief at 11, Allen is clearly attempting to maintain an abandonment and renunciation defense under the guise of the term "abdicate." Because the district court's jury instruction (to the extent that it may be deemed erroneous) did not materially affect the verdict, Allen's asserted error must be deemed harmless. See United States v. James, 819 F.2d 674, 676 (6th Cir.1987) ("Errors in such matters as jury instructions ... generally have been considered 'nonconstitutional.' ") (ellipsis in original) (citation omitted). We therefore reject Allen's second assignment of error.
 
 Exhibit Number 6
 
 22
 On appeal, Allen maintains that "[t]he district court abused its discretion in admitting a large quantity of alleged cocaine [Exhibit Number 6] into evidence [because] Detective Linda Moore of the Louisville Police Department ... could not establish that the bulk of Exhibit 6 was cocaine," Appellant's Brief at 13, and the "introduction of the large quantity of the substance ... permitted the inference of the intent to distribute." Id. at 14. Allen's assertion is wholly unsupported by the record and is belied by Detective Moore's testimony.
 
 
 23
 Specifically, Detective Moore testified that she: obtained the package of cocaine from the police property room; weighed the cocaine; transferred the package to Officer James; observed Allen's attempted purchase via video monitor; retrieved the substance from Officer James immediately after Allen exited the hotel room; removed a sample of the substance for testing; and, returned the package to the police property room where it remained until it was transported to district court on the day of Allen's trial.
 
 
 24
 Though Allen claims that Exhibit 6 was not identified as cocaine in district court, Allen's claim must be rejected as factually and legally erroneous. Factually erroneous because Detective Moore testified that the package contained cocaine--"I took a, a sample from this package and placed it in an envelope [and] I wrote on here sample of coke...." Joint Appendix at 124. Legally erroneous because a "purchase of a noncontrolled substance that the defendant subjectively believes to be a controlled substance can constitute an attempt to possess with intent to distribute under Sec. 846." United States v. Pennell, 737 F.2d at 525 (citations omitted). Therefore, even if Exhibit 6 contained "sham" cocaine, which it clearly did not, we would nevertheless reject Allen's assignment of error because Allen's "objective conduct, taken as a whole ... unequivocally corroborate[s] the required subjective intent to purchase or sell actual narcotics." Id. (citations omitted).
 
 
 25
 Moreover, "challenges to the chain of custody go to the weight of evidence, not its admissibility," United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991), absent a clear showing of abuse of discretion. Id. Because Detective Moore's testimony clearly reveals an unbroken chain of custody, the district court properly admitted the package of cocaine into evidence. We therefore reject Allen's third assignment of error.
 
 Magistrate's Findings and Recommendations
 
 26
 Following his conviction, Allen filed a motion for judgment of acquittal or, in the alternative, for a new trial. The district court judge referred the matter to a magistrate, pursuant to 28 U.S.C. Sec. 636(b)(1)(B), for proposed findings and recommendations. On November 5, 1992, the magistrate filed his "Findings of Fact, Conclusions of Law and Recommendations" in which the magistrate recommended that Allen's motion be rejected. On November 19, 1992, Allen filed his "Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendations." On December 2, 1992, the appellee filed the "United States' Response to Defendant's Objections to Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation."
 
 
 27
 On December 18, 1992, the district court judge rejected Allen's motion with little explanation:
 
 
 28
 The Court having considered this matter,
 
 IT IS ORDERED:
 
 29
 1. The motions of the defendant for judgment of acquittal and new trial are OVERRULED.
 
 
 30
 2. The oral motion of the defendant, by counsel, to proceed on appeal in forma pauperis is GRANTED.
 
 
 31
 3. Defendant's oral motion for appointment of counsel on appeal is GRANTED. In the interest of judicial economy, Mr. C. Fred Partin is appointed to continue representing the defendant on the appeal of this case.
 
 
 32
 District Court's December 18, 1992 Order.
 
 
 33
 On appeal, Allen maintains that "[t]he district court committed reversible error by not conducting a de novo review of the Magistrate Judge's report recommending the denial of Allen's motion for acquittal." Appellant's Brief at 15. We agree.
 
 The governing statute provides:
 
 34
 (b)(1) Notwithstanding any provision of law to the contrary--
 
 
 35
 ....
 
 
 36
 (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
 
 
 37
 ....
 
 
 38
 Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
 
 
 39
 28 U.S.C. Sec. 636(b)(1) (emphasis added). "This requirement is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985) (per curiam). Because "magistrates are not Article III judges, it is necessary to provide for a redetermination by the Court, if requested, of matters falling within subsection (b)(1)(B)." United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981).
 
 
 40
 The district court failed to review Allen's objections to the magistrate's report. Because "de novo review of a magistrate's report is both statutorily and constitutionally required," United States v. Shami, 754 F.2d at 672, we remand Allen's motion for judgment of acquittal or, in the alternative, for a new trial, to the district court for a de novo determination of all issues raised by Allen in his "Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendations."
 
 III.
 
 41
 Allen's motion for judgment of acquittal or, in the alternative, for a new trial is REMANDED to the district court for a de novo determination of all issues raised by Allen in his objections to the magistrate's report.
 
 
 
 [1]
 Though Allen's appellate counsel sought to continue oral argument because of family illness, we ordered that the case be submitted on briefs after reviewing the parties' briefs and the Joint Appendix