47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daw'vd Ayatollah CLARK-X, Plaintiff-Appellant,
v.
John ENGLER, Governor, State of Michigan; Frank J. Kelley,
Attorney General; Haresha Paynda, M.D.; Kenneth
L. McGinnis, Defendants-Appellees.
 No. 94-1806.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1995.
 
 Before: CONTIE, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Daw'vd Ayatollah Clark-X, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, Clark-X sued the Governor of Michigan, the Attorney General of Michigan, the Director of the Michigan Department of Corrections, and a physician at the Ionia Correctional Facility in their individual and official capacities. Clark-X alleged that: 1) the defendants showed a deliberate indifference to his serious medical needs; 2) the defendants violated his equal protection rights; 3) the defendants subjected him to retaliation for his litigious actions; and 4) the defendants conspired to violate his constitutional rights. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 3
 In his timely appeal, Clark-X essentially asserts that the district court erred in not reviewing all the documents in the record before reaching its decision and in not resolving the dispute between the parties. He requests oral argument.
 
 
 4
 Initially, we note that Clark-X has abandoned his claims concerning deliberate indifference, equal protection, retaliation, and conspiracy. Because these issues have not been raised on appeal, they are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that the district court properly considered all the evidence in the record. Clark-X contends that the district court did not consider his ex parte request for injunctive relief before rendering its judgment. Clark-X's motion was filed a month before the magistrate judge issued his report. Thus, the motion was available for the magistrate judge's review and the district court's consideration. The district court stated it conducted a de novo review of the record in light of Clark-X's objections. As Clark-X's request was available for review and the district court specifically stated it conducted a de novo review, it is presumed that Clark-X's supplemental request was considered by the district court. See United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). The district court is not required to list each document the court reviewed in rendering its decision. The court is only required to weigh the evidence in reaching its decision. Id. As the district court clearly conducted a de novo review, Clark-X's argument is meritless.
 
 
 7
 Clark-X also contends that the district court erred in not resolving the dispute between the parties. However, the record establishes that the district court did review the evidence presented by the parties and concluded that defendants were entitled to summary judgment. Therefore, the district court did resolve the dispute between the parties.
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.