**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Warren K. SMITH, Defendant–Appellant.**

No. 01–6218.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before SILER and DAUGHTREY, Circuit Judges; and ALDRICH, District Judge.*

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

## *ORDER*

Warren K. Smith, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 12, 2001, Smith pleaded guilty to conspiring to distribute and possess with intent to distribute more than 10 grams of LSD in violation of 21 U.S.C. §§ 841 and 846, possession with intent to distribute more than 10 grams of LSD in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and 924(g)(1). On the same day, Smith escaped from the jail where he was in custody. On September 10, 2001, the government filed a motion requesting the court to sentence Smith *in absentia* because he was not in custody. The defense responded, seeking a 60 day continuance. The court granted the government's motion and sentenced Smith to a total of 300 months of imprisonment, ten years of supervised release, and it imposed a $300 special assessment.

Smith has filed a timely appeal, arguing that the district court improperly sentenced him *in absentia* in violation of his right of allocution and his right to be present during sentencing.

Initially, we note that the government correctly argues that Smith's appeal is subject to dismissal as the parties' appellate briefs indicate that Smith is still a fugitive. An appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. *See Ortega–Rodriguez v. United States,* 507 U.S. 234, 239, 113 S.Ct. 1199,

122 L.Ed.2d 581 (1993). Pursuant to this doctrine of fugitive disentitlement, this court has dismissed the direct appeals of defendants who fled the jurisdiction during an appeal and remained at large. *United States v. Shami,* 754 F.2d 670, 672 (6th Cir.1985); *United States v. Dawson,* 350 F.2d 396, 397 (6th Cir.1965).

Accordingly, we dismiss the appeal.