**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6740

JAMES TIMOTHY SAMPLES,

Petitioner - Appellant,

v.

DAVID BALLARD, Warden, Mount Olive Correctional Facility,

Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:14-cv-15413)

Argued: March 23, 2017                                    Decided: June 23, 2017

Before TRAXLER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by published opinion. Judge Floyd wrote the opinion, in which Judge Traxler and Judge Diaz joined.

**ARGUED:** Wesley Paul Page, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for Appellant. Thomas M. Johnson, Jr., OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee. **ON BRIEF:** Patrick Morrisey, Attorney General, Elbert Lin, Solicitor General, Shannon Frederick Kiser, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

FLOYD, Circuit Judge:

This petition for relief under 28 U.S.C. § 2254 comes before this Court pursuant to a grant of a certificate of appealability by the district court. The district court below rejected arguments from Appellant-Petitioner James Samples based on Samples's failure to raise them before the magistrate judge. Acknowledging, however, that this ruling may run contrary to our holding in *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), the district court granted the certificate of appealability on the narrow procedural question of whether a habeas petitioner's claims raised for the first time in objections to a magistrate judge's proposed findings and recommendations must be heard by the district judge. We broadly answer this question in the affirmative, but in the instant case find that the district court did not commit reversible error, and therefore affirm.

I.

This case comes before us on Appellant James Samples's second habeas petition filed pursuant to 28 U.S.C. § 2254, and some background information is necessary to contextualize the petition at issue.

Samples was convicted in January 1998 for first degree murder, and sentenced to life imprisonment without mercy in Kanawha County, West Virginia. After an unsuccessful habeas petition in state court, Samples filed his first pro se petition under 28 U.S.C. § 2254 in the Southern District of West Virginia on May 17, 2013 (the "2013 Petition").

On January 21, 2014, Magistrate Judge Dwane L. Tinsley submitted a report of proposed findings and recommendations (PF&R),[1] finding that Samples had not exhausted all of his claims. *See Samples v. Ballard* (*Samples I*), No. 2:13-cv-11638, 2014 WL 1338562 (S.D.W. Va. Jan. 21, 2014). Magistrate Judge Tinsley explicitly stated that Samples could argue pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), that his procedural default should be excused due to ineffective assistance of state habeas counsel, and encouraged Samples to make such an argument in a new federal habeas petition. *Id.* at \*10 ("[I]f the petitioner wishes to pursue these claims of ineffective assistance of counsel in the federal court, he will have the opportunity to address the *Martinez* requirements in his new petition, should he choose to file one.").

Judge Thomas E. Johnston adopted in part the PF&R on the basis of a failure to exhaust, and dismissed the 2013 Petition as a "mixed petition"[2] without prejudice on March 31, 2014. *Samples v. Ballard* (*Samples II*), No. 2:13-cv-11638, 2014 WL 1342312 (S.D.W. Va. Mar. 31, 2014), *adopting-in-part Samples I*, 2014 WL 1338562. In doing so, Judge Johnston also stated that "Petitioner *may* be able to state a claim pursuant to *Martinez*, but such claim must be brought pursuant to a properly filed habeas petition in federal court. . . . [T]o the extent that Petitioner chooses to pursue this argument, he

---

[1] We note that certain courts use the PF&R nomenclature, while others refer to this type of opinion from a magistrate judge as a report and recommendation (R&R), or something else entirely. Our analysis and discussion in this case is not limited to those cases where a PF&R is filed as opposed to an R&R or some other report.

[2] A "mixed petition" contains both exhausted and unexhausted claims, and may not be adjudicated. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005).

3

should address the *Martinez* requirements in his new federal habeas petition . . . ." *Id.* at *3.

Following another unsuccessful state court habeas petition, Samples filed a second pro se § 2254 petition (the "2014 Petition"), the petition at issue in this case. On February 6, 2015, Magistrate Judge Tinsley entered a PF&R wherein he evaluated all claims on their merits, found each claim to be without merit, and recommended granting the government's motion for summary judgment. *Samples v. Ballard* (*Samples III*), No. 2:14-cv-15413, 2015 U.S. Dist. LEXIS 177412 (S.D.W. Va. Feb. 6, 2015).

Samples then filed objections to the PF&R on March 10, 2015, still pro se. *See generally* J.A. 195–217. In those objections, Samples raised brand new contentions related to the effectiveness of trial counsel, and argued that cause existed to excuse his failure to exhaust these issues due to the ineffectiveness of his court-appointed post-conviction counsel in state court. Samples argued that his trial counsel was deficient due to "six acts of omission" and that his post-conviction counsel "declined to present or explicate petitioner's meritorious claims for relief predicated on trial counsel's six acts of omission." J.A. 201–02.[3] He further requested that the district court "find [post-

---

[3] Samples in briefing confirms that the "six acts of omission" are six specific complaints raised in Samples's first state habeas petition. Appellant's Br. at 9 n.4. This was not clear from the pro se objections filed below. These "six alleged acts of omission" were failings in not: (1) "request[ing] a bifurcated trial;" (2) "secur[ing] a petit jury free of all disqualifications;" (3) "seek[ing] sequestration of the jury;" (4) "perform[ing] tests recommended by [a forensic expert] to exclude certain state exhibits;" (5) "submit[ting] the curriculum vitae of their defense experts;" and (6) "locat[ing] or interview[ing] Terry Felhauser" as a potential alternate perpetrator of the crime. *Samples I*, 2014 WL 1338562, at *2–3.

4

conviction counsel] were ineffective under the standards of [*Strickland v. Washington*, 466 U.S. 668 (1984)] when they failed to present trial counsel's failure to investigate the facts underlying the six acts of omission . . . . [and] excuse [Samples]'s failure to present this claim to the [Supreme Court of Appeals of West Virginia] due to [post-conviction counsel's] act of omission" pursuant to *Martinez*. J.A. 201–02. Later, Samples further stated that he was "denied meaningful and effective assistance of post-conviction counsel, when court-appointed counsel omitted [an issue] from the petition for post-conviction relief and the petition for appeal." J.A. 207.

In a thorough opinion, Judge Johnston overruled the objections, and specifically addressed the objections related to the effectiveness of post-conviction counsel. *Samples v. Ballard* (*Samples IV*), No. 2:14-cv-15413, 2016 WL 1271508 (S.D.W. Va. Mar. 31, 2016), *adopting Samples III*, 2015 U.S. Dist. LEXIS 177412. Judge Johnston noted that even after Magistrate Judge Tinsley had explicitly referenced *Martinez* in his *Samples I* opinion, Samples "elected not to raise either the ineffective assistance of habeas counsel claim or the underlying errors of trial counsel in the § 2254 Petition now under review." *Samples IV*, 2016 WL 1271508 at *18.[4]

---

[4] Of note, Samples *did* allege ineffectiveness of his habeas counsel in the 2014 Petition with respect to the issue of certain witnesses testifying in prison garb. J.A. 20. However, that was the only place where the allegation was made, and specifically related to that issue. Moreover, that issue was fully adjudicated in the disposition of the 2014 Petition. *See Samples IV*, 2016 WL 1271508, at *10–12. The district court also noted, as we do here, that two of the six acts complained of—namely the issue of bifurcation and additional forensic testing—were in fact raised when represented by counsel in state habeas proceedings as potential claims, which were later abandoned. *Id.* at *18 n.19. We additionally note that another of the six acts complained of—the issue of securing a jury (Continued)

Judge Johnston concluded that Samples was "us[ing] his objections to plead new claims that should have been raised in the habeas petition." *Id.* at \*19. Judge Johnston treated the issue as a matter of waiver; however, he acknowledged that our holding from *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), might control. The court expressed its belief that *George* does not apply in the habeas corpus context whatsoever, but also noted that applying *George* likely would not mandate a different result, because Samples was "seek[ing] to use his objections to assert an entirely novel habeas claim." *Id.* at \*20. The court went on to explain that "[p]ermitting [Samples] to raise his *Martinez* claim at this point in the case would show disregard for AEDPA[5]'s timing requirements, defeat the purpose of the Magistrates Act,[6] and unfairly prejudice the [government] in this matter." *Id.* Ultimately, Judge Johnston found that it was a matter of discretion as to whether or not he would hear the argument, and declined to adjudicate the *Martinez* claim. *Id.*

_____

free of disqualifications—was actually addressed on the merits in the adjudication of the 2014 Petition. *See id.* at \*3–9 (adjudicating the issue of inadequate voir dire). Not wanting to confuse the issues, however, we continue to refer throughout the opinion to these as "six acts of omission" to follow the language of Samples and the district court below.

[5] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended in relevant part at 28 U.S.C. §§ 2244, 2254).

[6] Federal Magistrates Act, Pub. L. No. 90-578, 82 Stat. 1107 (1968) (codified as amended in relevant part at 28 U.S.C. § 636(b)).

In so ruling, Judge Johnston noted that his "procedural ruling [was] debatable, at least without further clarification of the limits of *George*," and so granted a certificate of appealability on the issue. *Id.* The judgment order specifically granted the certificate "limited to the procedural issue of whether [Samples]'s claims should be heard where they were raised for the first time in objections to the Magistrate judge's PF&R." J.A. 258. The court subsequently granted Samples's request to appoint counsel, and granted appointed counsel an extension of time to file a notice of appeal. Samples then timely noted this appeal, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c).

## II.

This case presents a series of separate but related issues. As an initial matter, we must determine whether *George* applies in the context of habeas corpus cases. As explained below, we hold today that it does. This leads to a secondary issue—*how George* is applied in the habeas context. Samples and the government propose two different interpretations; we believe that the government's framework is the only workable option. Having settled how *George* is to be applied, we must then review the decision of the district court to ensure that it comports with this understanding. We find that it does, and that the district court was not required to hear Samples's new claims under *George*. Finally, we review the court's decision to ensure that it was not otherwise an abuse of discretion to refuse to hear these claims. We discern no abuse of discretion here.

7

We consider de novo the questions of whether *George* applies, how it applies, and whether it was appropriately applied in this case. *United States v. Ocasio*, 750 F.3d 399, 408 (4th Cir. 2014). Our additional review of the district court's disposition of the case is for abuse of discretion. *Cf. Doe v. Chao*, 306 F.3d 170, 183 (4th Cir. 2002) (citing *United States v. Howell*, 231 F.3d 615, 622–23 (9th Cir. 2000)) (applying an abuse of discretion standard when the district judge rejected supplemental evidence after a magistrate judge issued a report and recommendation).

## A.

A review of *George* is a necessary first step in our analysis. In *George*, a West Virginia county magistrate had issued two search warrants—one for a truck and one for a house—in connection with an investigation of a shooting. 971 F.2d at 1116. The defendant moved to suppress certain evidence obtained in the execution of those warrants, specifically, the truck's tires and hacksaw blades found in the truck. *Id.* The issue of suppression was referred to a federal magistrate judge to issue proposed findings and recommendations. *Id.* The federal magistrate judge found both search warrants invalid for lack of probable cause, and found the good faith exception to the exclusionary rule inapplicable. *Id.*

The government filed objections to the PF&R, challenging the findings of probable cause and the inapplicability of the good faith exception. *Id.* The government "also raised for the first time two additional arguments in opposition to the suppression motions," arguing that the defendant had no reasonable expectation of privacy in his

8

truck tires, and that the evidence was admissible under the inevitable discovery exception to the exclusionary rule. *Id.* at 1116–17. The district court adopted the PF&R in its entirety and "refus[ed] to consider the government's privacy and inevitable discovery arguments because the government had not raised these arguments before the magistrate." *Id.* at 1117.

On appeal, we considered whether the district court's procedural conclusion was sound. In making this determination, we relied on the text of the Federal Magistrates Act, 28 U.S.C. § 636. The Federal Magistrates Act requires that where a district court judge has referred a pretrial suppression motion to a magistrate judge, the magistrate judge must submit proposed findings of fact and recommendations to the district court. 28 U.S.C. § 636(b)(1). The district judge then "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). Once the district judge has concluded de novo review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* After considering the Federal Magistrates Act, we held:

> We believe that as part of its obligation to determine *de novo* any *issue* to which proper objection is made, a district court is required to consider all *arguments* directed to that *issue*, regardless of whether they were raised before the magistrate. By definition, *de novo* review entails consideration of an *issue* as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any *argument* as to that *issue* that it could have raised before the magistrate. The district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that

9

proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to *de novo* review by the district court thereby established. Not only is this so as a matter of statutory construction; any other conclusion would render the district court's ultimate decision at least vulnerable to constitutional challenge.

*George*, 971 F.2d at 1118 (footnotes omitted) (emphases added) (citing *United States v. Raddatz*, 447 U.S. 667, 683 (1980); *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981)).

In essence, *George* envisions a hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into *arguments*. In *George*, the legal case was the entire criminal case, the issue was suppression of evidence from the truck, and the arguments made against suppression by the government were (1) existence of a valid warrant; (2) good faith reliance on a valid warrant; (3) no reasonable expectation of privacy; and (4) inevitable discovery. The government argued only the first two positions to the magistrate judge, and we ruled in *George* that the district judge could not deem the latter two waived and must entertain them.

B.

We now turn to the question of whether *George* can apply in the habeas context. We conclude that it does.

As described above, the decision in *George* turned on the interpretation of the Federal Magistrates Act—specifically 28 U.S.C. § 636(b)(1) and the requirement that a district judge "make a de novo determination" to sections of a PF&R to which a party objects. This paragraph not only permits a magistrate judge to conduct hearings and submit a PF&R to the district court with respect to suppression of evidence, 28 U.S.C.

10

§ 636(b)(1)(A)–(B), but also authorizes a hearing before a magistrate judge resulting in a PF&R with respect to "applications for posttrial relief made by individuals convicted of criminal offenses," *id.* § 636(b)(1)(B). Then, the PF&R submitted with respect to either pretrial suppression of evidence or post-trial relief by a prisoner is subject to a de novo determination by the district judge. *Id.* § 636(b)(1)(C). The language of the statute is also reflected in the language of Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"):

> **(b) Reference to a Magistrate Judge.** A judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. . . . The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

Habeas R. 8(b).

We have no cause to interpret the "de novo determination" language of 28 U.S.C. § 636(b)(1) differently as it relates to pretrial suppression versus habeas petitions, nor do we have cause to interpret the virtually identical language in the Habeas Rules any differently. As precedent of this Court, our holding in *George* must apply "[a]bsent an en banc overruling or a superseding contrary decision of the Supreme Court." *United States v. Prince-Oyibo*, 320 F.3d 494, 498 (4th Cir. 2003) (citing *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 n.2 (4th Cir. 2002)). Because neither of these events has occurred, we find that *George* does apply to habeas cases.[7]

---

[7] We also note that in suggesting *George* would not apply to habeas cases, the district court below relied on precedent from our sister circuits. This was incorrect. Our (Continued)

11

C.

Having determined that *George* does apply to habeas cases, we must now resolve

exactly *how* it is to be applied.  In the case at hand, the district court declined to consider

Samples's objections related to the "six acts of omission" for which he sought to have his

procedural default excused under *Martinez*, finding that they constituted a "novel issue."

*See Samples IV*, 2016 WL 1271508, at *18. Samples urges us to find this in error under

*George*.  He submits that his entire § 2254 petition is one "issue"—i.e., "that he is in

custody in violation of the Constitution or laws or treaties of the United States," 28

U.S.C. § 2254—that each alleged ground for relief is an "argument" to demonstrate why

his claim is correct, and thus his objections are merely "arguments" that the district court

was required to consider.  The government rejects this, arguing that this is an

inappropriate reliance on common usage and nomenclature that ignores actual habeas

corpus jurisprudence with a "semantic sleight of hand."  We agree with the government.

Applying the *George* framework to a habeas petition, we find the following three

levels:  (1) the *legal case* is the habeas petition; (2) the *issues or claims* are the asserted

---

approach in *George* is a minority position, and one that has been criticized and rejected
by our sister circuits.  *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009)
(collecting cases from the First, Fifth, Ninth, and Tenth Circuits that reject our approach
in *George* and ultimately aligning with those other courts).  The other circuits generally
believe that our requirement that "de novo" must include every single argument goes too
far, and that a district judge *may* consider new arguments, but by no means is required to
do so in order for the review to count as de novo.  *See, e.g.*, *Freeman v. Cty. of Bexar*,
142 F.3d 848, 852 (5th Cir. 1998).  Given that our approach is distinct from that of other
circuits, the out-of-circuit case law on which the district court relied, and on which the
government relied in arguing this case, is both unpersuasive and unhelpful on this issue.

12

grounds for relief; and (3) the *arguments* are whatever position is taken in support of or against each asserted ground for relief. The contrary position urged by Samples—that the issue is illegal custody and the grounds for relief are merely arguments to that point—is belied by habeas corpus jurisprudence, including statutes and case law.

First, the statutes governing habeas petitions themselves refer to each basis for which the petitioner's custody may be illegal as a separate "claim." *See, e.g.*, 28 U.S.C. § 2254(d) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any *claim* that was adjudicated on the merits in State court proceedings unless the adjudication of the *claim* [meets certain conditions]." (emphases added)); *id.* § 2244(b)(4) ("A district court shall dismiss *any claim* presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." (emphasis added)); *id.* § 2244(d)(1)(D) (providing that one of the ways of measuring the start of the limitations period for filing a petition pursuant to § 2254 is "the date on which the factual predicate of the *claim or claims* presented could have been discovered through the exercise of due diligence" (emphasis added)).

Second, Supreme Court case law indicates that different grounds for relief are treated as different claims. In a pre-AEDPA case about exhaustion under § 2254, the Supreme Court held that "[b]ecause a rule requiring exhaustion of all *claims* furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to

13

exhaust his *claims* or of amending or resubmitting the habeas petition to present only exhausted *claims* to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (emphases added).[8]  More to the point, *Martinez* itself makes this distinction.  *See Martinez*, 566 U.S. at 7, 17 (referring to the ineffective assistance of trial counsel claim at issue as one "ground for relief" in his petition and referring to multiple claims of ineffective assistance of trial counsel).  From these cases, we see that the Supreme Court considers each ground for relief an independent claim.

Translating this to the *George* framework, we do not believe that an "issue" as referred to in *George* can be defined at the high level of generality Samples urges us to apply here.  Rather, an "issue" in the habeas context is a ground for relief, and "arguments" are the legal positions related to the ground for relief.  *Accord Cooper v. Ward*, 149 F.3d 1167, 1998 WL 252500, at *1 (4th Cir. 1998) (per curiam) (unreported table decision) (finding that the district court "properly declined to address" an "ineffective assistance of counsel claim raised for the first time in the objections to the magistrate judge's recommendations" (citing *George*, 971 F.2d at 1117–18)); *White v. Keller*, No. 10-cv-841, 2013 WL 791008, at *4 (M.D.N.C. Mar. 4, 2013) ("Of course, the court is required to consider all arguments directed to an issue addressed in an objection,

---

[8] Throughout the opinion in *Rose*, the Court at length refers to each ground argued in support of granting relief under § 2254 as an individual "claim" that must be independently exhausted.  *See generally Rose*, 455 U.S. at 510–522 (majority opinion and plurality opinion as to one part).  This is not an aberration of the main opinion; the other opinions in *Rose* use the same terminology as well.  *See generally id.* at 522–32 (Blackmun, J., concurring); *id.* at 532–38 (Brennan, J., concurring in part and dissenting in part); *id.* at 538–550 (Stevens, J., dissenting).

14

regardless of whether they were raised before the magistrate judge. In this case, however, Petitioner seeks to assert a new claim, not to make an argument with respect to an existing claim." (citing *George*, 971 F.2d at 1118)).[9] Agreeing with Samples would require us to find that a habeas petitioner could merely state that he is in illegal custody and then make all arguments later. This would result in an end run around AEDPA, and is not what our case law intends.

D.

Having found that *George* can meaningfully apply in the habeas context, we now review the district court's analysis of Samples's objections. Although the district court appeared to indicate that it believed *George* did not apply, the court's actual analysis of Samples's objections comports with the understanding of *George* we have explained above. We therefore find no error in how the district court disposed of the objections.

In his pro se objections to the PF&R, Samples appears to do two things: (1) make a freestanding claim of ineffective assistance of state habeas counsel; and (2) argue that the "six acts of omission" by his trial counsel—which all agree are not actually included in the 2014 Petition anywhere—should be considered by the district court as grounds for

---

[9] We note that in at least one unpublished opinion, we appear to have taken a different tack in applying *George* to prisoner litigation. *See St. John v. Moore*, 135 F.3d 770, 1998 WL 71516 (4th Cir. 1998) (per curiam) (unreported table decision). In *St. John*, a prisoner litigation case arising under 42 U.S.C. § 1983, we found that "[b]ecause it is bound to conduct a *de novo* review of the magistrate judge's report, the district court must consider *claims* raised before its decision even if those *claims* were not raised before the magistrate judge." 1998 WL 71516, at *1 (emphases added). However, as an unpublished case, *St. John* does not bind us.

15

relief, and that cause exists to excuse any failure to exhaust those issues based on the failure of state habeas counsel. Both of these are new grounds for relief, and under the *George* framework outlined above, that makes them new "issues" and not new "arguments" related to issues contained within the 2014 Petition.

Although Samples did make claims regarding other instances of ineffective assistance of trial counsel in his petition, he did not claim ineffective assistance of counsel based on the "six acts of omission." Rather, he claimed ineffective assistance of counsel based on an incomplete voir dire, permitting the jury to be informed that Samples was a convicted felon at the time of the murder, failure to propose certain limiting instructions, and failure to ensure that defense witnesses would not appear before the jury in prison garb. J.A. 13. Samples's express reliance on these four claims of ineffective assistance of counsel are to the exclusion of other claims of ineffective assistance of counsel. *See Mayle v. Felix*, 545 U.S. 644, 661 (2005) (explaining that different claims must be pleaded discretely); *see also* Habeas R. 2(c) ("The petition must: (1) specify *all* the grounds for relief available to the petitioner; (2) state the facts supporting each ground . . . ." (emphasis added)); Habeas R. 4 advisory committee note ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks and citation omitted)); c*f. Elmore v. Ozmint*, 661 F.3d 783, 789, 847 (4th Cir. 2011) (dividing ineffective assistance of counsel claims raised in a § 2254 petition into discrete claims).

Therefore, under *George*, there was no obligation for the district court to hear either of the new claims made by Samples in his objections to the PF&R.  Thus, Judge Johnston did not err in finding that he was not required to hear the claims.

E.

Finally, the parties have briefed whether it was otherwise an abuse of discretion for the district court to decline to hear the claims made by Samples in his objections to the PF&R, even though the district court was not required to hear these claims under *George*.  We find no abuse of discretion.

Turning to the first new claim—a freestanding claim of ineffective assistance of state habeas counsel—such a ground is not a permissible avenue of relief in a federal habeas petition.  28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings *shall not be a ground for relief* in a proceeding arising under section 2254." (emphasis added)).  Further, *Martinez* did not create such a freestanding claim, and indeed recognized that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' [for failure to exhaust].'"  566 U.S. at 17 (citing *Holland v. Florida*, 560 U.S. 631, 650–51 (2010)).[10]

---

[10] Samples acknowledges this in his brief before this Court, *see* Appellant's Br. at 10 n.5, but we clarify this out of an abundance of caution and due to the language used by the district court below.

Therefore, the district court did not abuse its discretion in not entertaining a claim that is statutorily barred.

With respect to the second new claim—the six acts of omission of his trial counsel—the district court properly exercised its discretion in declining to hear this claim. Samples was on notice from both the opinions in *Samples I* and *Samples II* relating to the 2013 Petition that if he wanted to raise claims that had been procedurally defaulted in a subsequent petition, he needed to allege the necessary factual circumstances to demonstrate cause to excuse default. Samples has offered no justification for why he did not follow the directions of the courts in *Samples I* and *Samples II*, and offers no argument as to why Judge Johnston should have permitted Samples to effectively amend his habeas petition in this manner. We can think of none either.

## III.

Accordingly, for the reasons stated above, the judgment of the district court is

*AFFIRMED.*